955 P.2d 43

**ALLIANCE MARANA; Ted Schlinkert, a citizen, Plaintiffs/Appellants,**

v.

**Sandra L. GROSECLOSE, Town Clerk of the Town of Marana; Town of Marana, a body politic, Defendants/Appellees,**

and

**Redhawk Marana, L.L.C., an Arizona limited liability company; Rita Land Corporation, an Arizona corporation, Intervenors/Appellees.**

No. 2 CA–CV 97–0091.

Court of Appeals of Arizona, Division 2, Department B.

Dec. 23, 1997.

Redesignated as Opinion and Publication Ordered Feb. 17, 1998.

Review Denied April 21, 1998.

Raven & Kirschner, P.C. by Anne C. Graham–Bergin and Barry Kirschner, Tucson, for Plaintiffs/Appellants.

Daniel J. Hochuli & Associates by Daniel J. Hochuli, Tucson, for Defendants/Appellees.

W.J. Harrison & Associates, P.C. by W. James Harrison, and Gabroy, Rollman & Bossé by Richard Rollman and Richard Brown, Tucson, for Intervenors/Appellees.

## OPINION

ESPINOSA, Judge.

Plaintiffs/appellants Alliance Marana and Ted Schlinkert appeal from a judgment in favor of defendants/appellees Marana Town Clerk Sandra Groseclose and the Town of Marana and intervenors/appellees RedHawk Marana, L.L.C., and Rita Land Corporation in appellants' action seeking to compel Groseclose to transmit referendum petitions to the Pima County Recorder for certification of signatures. Appellants argue that the trial court erred in ruling that they lacked standing because they were not citizens of the Town of Marana and that the referendum petitions failed to satisfy the "full text" requirements of the Arizona Constitution and the implementing statutes. We affirm.

### Facts and Procedural Background

On appeal from a trial to the court, we view the evidence, and all reasonable inferences arising therefrom, in the light most favorable to sustaining the judgment. *See Sabino Town & Country Estates Ass'n v. Carr*, 186 Ariz. 146, 920 P.2d 26 (App.1996). In December 1996, the Marana mayor and town council adopted Ordinance 96.46, a rezoning ordinance that amended the previously approved Tortolita Mountain Properties Specific Plan to include additional property and to rename it the RedHawk Specific Plan (the Plan). Ordinance 96.46 expressly incorporated by reference the Plan, a comprehensive zoning document setting forth land uses, densities, design guidelines, environmental requirements, and other zoning issues for over 5,000 acres.

Less than a week after Ordinance 96.46 was adopted, appellant Ted Schlinkert, as chairperson of Alliance Marana, applied for a referendum petition number at the Marana Town Clerk's office, requesting a copy of the ordinance, but not the Plan, to attach to the petitions. The clerk's office suggested Schlinkert seek legal counsel. In January 1997, Phyllis Farenga, also as chairperson of Alliance Marana, requested an application for referendum petition and supplied Groseclose with a list of documents she wanted for the referendum, which did not include the Plan. Farenga also gave Groseclose a letter that stated Schlinkert's position as chairperson of Alliance Marana had been "rescinded" and that she was now its chairperson. Groseclose gave Farenga a copy of Ordinance 96.46, the exhibits attached to the ordinance, a referendum application, and the other items she had requested and suggested Farenga seek legal counsel "to make sure everything was correct."

Farenga thereafter delivered to Groseclose petitions containing sufficient signatures to place the referendum before the voters of Marana. Groseclose checked the petitions for compliance with statutory requirements and ultimately refused to forward them to the county recorder for certification, finding them legally insufficient because copies of the Plan and other documents referred to in the ordinance had not been attached to them.

Schlinkert and Alliance Marana, Inc.,[1] filed a complaint against the Town of Marana and Groseclose, challenging her decision not to send the petitions to the county recorder. The parties subsequently stipulated that property owners RedHawk Marana, L.L.C., and Rita Land Corporation could intervene in the case. *See* Ariz.R.Civ.P. 24, 16 A.R.S. Appellants then filed an amended complaint substituting Alliance Marana, an "unincorporated association and political action committee," for Alliance Marana, Inc. During a two-day bench trial, the intervenors argued that appellants lacked standing to bring the action and that they had failed to attach the Plan to the petitions in violation of the "full text" requirement of article IV, part 1, § 1(9) of the Arizona Constitution. The court found that both Schlinkert and Alliance Marana lacked standing because neither was a citizen of Marana, concluded the petitions did not comply with the "full text" requirements of the Arizona Constitution and implementing legislation, and granted judgment in favor of all appellees. This appeal followed.

### Standing

Appellants first argue that the trial court erred in concluding Schlinkert did not have standing because he was not a citizen of Marana.[2] A party has standing to sue in Arizona if, under all circumstances, the party possesses an interest in the outcome of the litigation. *Citibank (Arizona) v. Miller & Schroeder Financial, Inc.*, 168 Ariz. 178, 812 P.2d 996 (App.1990). The question of standing to sue requires consideration of prudential and judicial restraint to ensure that courts do not issue mere advisory opinions, that the case is not moot, and that the issues will be fully developed by true adversaries. *Armory Park Neighborhood Ass'n v. Episcopal Community Services*, 148 Ariz. 1, 712 P.2d 914 (1985). Whether appellants have standing to sue is a question of law we review *de novo. Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 917 P.2d 222 (1996).

Appellants contend the Arizona Constitution does not limit the right of review on local matters to citizens of the affected city, town, or county, but allows each city or town to "decide for itself whether to limit the right of review on local issues." In pertinent part, article IV, part 1, § 1(8), states:

> The powers of the Initiative and the Referendum are hereby further reserved to the qualified electors of every incorporated city, town, and county as to all local, city,

---

1. Apparently, there are two entities bearing the name "Alliance Marana," one a corporation and the other a political action committee. It is unclear from the record which entity applied for the referendum petitions.

2. In their opening and reply briefs, appellants make this argument only as to Schlinkert, apparently abandoning their contention that Alliance Marana has standing. *See Jones v. Burk,* 164 Ariz. 595, 795 P.2d 238 (App.1990) (issues not clearly raised and argued in appellate brief are waived).

town, or county matters on which such incorporated cities, towns, and counties are or shall be empowered by general laws to legislate. Such incorporated cities, towns, and counties may prescribe the manner of exercising said powers within the restrictions of general laws.

As appellees point out, this provision expressly reserves the powers of referendum to the qualified electors of the governing entity that adopted the legislation. Schlinkert is not a "qualified elector" of the Town of Marana because he is not a Marana resident. *See* Ariz. Const. art. VII, § 2; A.R.S. §§ 9–822, 16–121. Consequently, he could not lawfully sign a referendum petition nor vote in a referendum election in Marana.

■ Schlinkert's only claimed interest in the litigation, as conceded by his counsel at oral argument, is his having "circulated some of the referendum petitions." Under Marana Ordinance 89.24, however, only "qualified electors" of Marana are permitted to circulate referendum petitions. Our supreme court has recently commented on a similar state law requirement, noting that such constraints "preserve the integrity of the referendum process as it relates to local ordinances" by requiring that "only those eligible to vote for the members of the body which passed the ordinance be able to engage in the 'core political speech' of attempting to gather signatures to challenge the ordinance." *McDowell Mountain Ranch Land Coalition v. Vizcaino,* 190 Ariz. 1, 4, 945 P.2d 312, 315 (1997) (citations omitted).

Appellants nevertheless argue that A.R.S. § 19–122(A) permits "any citizen," not just those of the affected city, town, or county, to challenge the clerk's refusal to forward petitions and to file suit to uphold a referendum petition, citing *City of Flagstaff v. Mangum,* 164 Ariz. 395, 793 P.2d 548 (1990), for the proposition that, in the absence of local legislation prescribing the manner for exercising the referendum power, state law applies. Although this is generally true, § 19–122(A) does not provide standing to Schlinkert. That section speaks in terms of statewide referendums and initiatives and provides that, when the secretary of state refuses to accept or file a petition, "any citizen may apply to the superior court for a writ of mandamus to compel the secretary of state

to file the petition or proposal." When applying statewide referendum and initiative procedures to a city, town, or county, A.R.S. § 19–141(C) requires that it "be as nearly as practicable the same as the procedure relating to initiative and referendum provided for the state at large." Appellants' reliance on *Renck v. Superior Court,* 66 Ariz. 320, 187 P.2d 656 (1947), is similarly misplaced because that case involved a statewide initiative, not a local one.

Thus, it necessarily follows that § 19–122(A) permits "any citizen" of the affected town to file a writ of mandamus to compel the town clerk to forward referendum petitions; it does not permit "any citizen" of Arizona who will not be able to vote on or be affected by any resulting election to interfere in local matters. *Cf. McDowell Mountain Ranch Land Coalition,* 190 Ariz. at 4, 945 P.2d at 315 (petition circulators registered as municipal voters must be bona fide state residents "to ensure that those involved in direct law making have ties to the state and a stake in the outcome"). *See also City of Greenfield v. Butts,* 573 S.W.2d 748 (Tenn. 1978) (plaintiffs not eligible to vote in referendum election lacked standing to contest its outcome); *compare Windham Taxpayers Ass'n v. Board of Selectmen,* 234 Conn. 513, 662 A.2d 1281 (1995) (registered voters qualified to vote in proposed referendum election had standing to seek mandamus to compel election because board's denial of petitions deprived them of opportunity to vote). The trial court correctly concluded that appellants lacked standing to bring this action.

### Disposition

Given our resolution of the standing issue, we need not address appellants' argument that the trial court erred in concluding the referendum petitions failed to satisfy the "full text" requirements of the Arizona Constitution and implementing legislation.

Affirmed.

PELANDER, P.J., and HOWARD, J., concur.