SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| ELEANORA FERNANDEZ, individually and on behalf of all similarly situated persons,<br><br>             Plaintiff-Appellant,<br><br>           v.<br><br>TAKATA SEAT BELTS, INC., NISSAN NORTH AMERICA, INC.; GENERAL MOTORS CORPORATION; FORD MOTOR COMPANY; DAIMLERCHRYSLER CORPORATION; SGS U.S. TESTING COMPANY, INC.,<br><br>           Defendants-Appellees. | Arizona Supreme Court<br>No. CV-04-0277-PR<br><br>Court of Appeals<br>Division One<br>No. 1 CA-CV 03-0473<br><br>Maricopa County<br>Superior Court<br>No. CV 2002-022227<br><br>**O P I N I O N** |

Appeal from the Superior Court in Maricopa County
The Honorable Mark R. Santana

**AFFIRMED**

Court of Appeals, Division One
Memorandum Decision (filed June 10, 2004)

**VACATED IN PART**

_____

Rake & Catanese, PC                                       Phoenix
By: David J. Catanese
Attorneys for Plaintiff-Appellant

Bowman & Brooke, LLP                                     Phoenix
By: Paul G. Cereghini
    Jill S. Goldsmith
    James C. Goodwin
Attorneys for Defendants-Appellees
Takata Seat Belts, Inc., General Motors
Corporation, and Nissan North America, Inc.

Carpenter & Lipps LLP                          Columbus, Ohio
By:  Michael H. Carpenter
Attorneys for Defendant-Appellee
Takata Seat Belts, Inc.

Snell & Wilmer LLP                                    Phoenix
By:  Martha E. Gibbs
     Gregory J. Marshall

And:

O'Melveny & Myers LLP                         Washington, D.C.
By:  Brian C. Anderson
Attorneys for Defendant-Appellee
Ford Motor Company

Snell & Wilmer LLP                                    Phoenix
By:  Patrick X. Fowler

And:

Hogan & Hartson, LLP                         New York, New York
By:  Lewis H. Goldfarb
     Christopher B. Wren
Attorneys for Defendant-Appellee
DaimlerChrysler Corporation

Keller Rohrback, PLC                                  Phoenix
By:  Leon B. Silver
Attorneys for Defendant-Appellee
SGS U.S. Testing Company, Inc.

Pacific Legal Foundation                 Sacramento, California
By:  Deborah J. La Fetra
     Gregory T. Broderick
Attorneys for *Amicus Curiae*
Pacific Legal Foundation

_____


**R Y A N**, Justice

- 2 -

¶1      In this case, we must decide whether a plaintiff who has no individual claim against a defendant may allege class action claims against that defendant and require the defendant to remain as a party to the lawsuit because she seeks to represent a class of other purported plaintiffs, some of whom may have claims against the defendant.

**I**

¶2      Eleanora Fernandez brought a class action lawsuit [1] against, among others, Takata Seat Belts, SGS U.S. Testing Company, Inc., Nissan North America, General Motors Corporation, Ford Motor Company, and DaimlerChrysler Corporation. She alleged fraudulent concealment, violation of the Arizona Consumer Fraud Act, unjust enrichment, and constructive trust. Fernandez claimed that between 1986 and 1999, several automobile manufacturers installed in their vehicles TK-52 seatbelt buckles manufactured by Takata and tested by SGS U.S. Testing. She alleged that the TK-52 buckles were defective because they could disengage in accidents. She also contended that all of the defendants knew about this supposed defect and that they concealed this risk from consumers.

¶3      The complaint did not specify the make or model of the automobile Fernandez owned. But she later conceded that she did not own a Nissan, General Motors, Ford, or DaimlerChrysler

---

[1]      *See* Ariz. R. Civ. P. 23.

vehicle. These four automobile manufacturers filed a motion to dismiss for "failure to state a claim upon which relief can be granted." Ariz. R. Civ. P. 12(b)(6). The superior court dismissed all of Fernandez's claims, concluding that she had failed to allege essential elements of each of her four claims.

¶4 Fernandez appealed. The court of appeals affirmed the trial court's dismissal of her individual claims against the four automobile manufacturers. *Fernandez v. Takata Seat Belts, et al.*, 1-CA-CV 03-0473, ¶¶ 11-12 (Ariz. App. June 10, 2004) (mem. decision). Under the standard of review for a motion to dismiss, however, the court stated that "until such time as the trial court issues an order determining whether a class action can be maintained in this case," it would "decline to review the viability of Plaintiff's class action claims against the automobile manufacturers in her representative capacity." *Id*. at ¶ 13.

¶5 The automobile manufacturers petitioned for review,[2] contending that Fernandez's "inability to assert individual claims against the automobile manufacturers precludes her from suing" them "on behalf of a proposed class." We granted review because this is a matter of first impression for this court. We

---

[2] Although all defendants, including Takata and SGS U.S. Testing, petitioned for review on a number of issues, we granted review only on the automobile manufacturers' argument that Fernandez lacks standing to bring a class action against them.

- 4 -

have jurisdiction under Article 6, Section 5(3), of the Arizona Constitution, Arizona Revised Statutes ("A.R.S.") section 12-120.24 (2003), and Rule 23 of the Arizona Rules of Civil Appellate Procedure.

**II**

**A**

¶6    We have previously concluded that "the question of standing in Arizona is not a constitutional mandate since we have no counterpart to the 'case or controversy' requirement of the federal constitution," *Armory Park Neighborhood Ass'n v. Episcopal Cmty. Servs. in Ariz.*, 148 Ariz. 1, 6, 712 P.2d 914, 919 (1985) (citing *State v. B Bar Enters.*, 133 Ariz. 99, 649 P.2d 978 (1982)), and thus, when addressing questions of standing "we are confronted only with questions of prudential or judicial restraint." *Id.* Nonetheless, we have established a rigorous standing requirement. "To gain standing to bring an action, a plaintiff must allege a distinct and palpable injury." *Sears v. Hull*, 192 Ariz. 65, 69, ¶ 16, 961 P.2d 1013, 1017 (1998) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). We will consider the merits of a case without such an injury "only in exceptional circumstances, generally in cases involving issues of great public importance that are likely to recur. The paucity of cases in which we have waived the standing requirement demonstrates both our reluctance to do so and the

narrowness of this exception." *Hull*, 192 Ariz. at 71, ¶ 25, 961 P.2d at 1019.

¶7    Fernandez admits that she has never owned any vehicle manufactured by defendants.  Instead, she owns or owned an automobile manufactured by Honda, which is not a party to the lawsuit.[3]   Moreover, Fernandez has not alleged that she has suffered any injury, either physical or economic, "fairly traceable" to the conduct of the four defendant automobile manufacturers. *See Bennett v. Napolitano*, 206 Ariz. 520, 525, ¶ 18, 81 P.3d 311, 316 (2003) ("To establish federal standing, a party invoking the court's jurisdiction 'must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'") (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984)); *see also Easter v. American W. Fin.*, 381 F.3d 948, 961 (9th Cir. 2004) (holding that "[t]o satisfy the traceability requirement, a class action plaintiff must 'allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants'") (quoting *Warth*, 422 U.S. at 501)).  Accordingly, because Fernandez cannot allege "a distinct and palpable injury" resulting from any conduct of the four automobile manufacturers, she has no standing to bring an

_____

[3]    At oral argument, Fernandez's counsel conceded that Honda had never been served with the complaint.

individual claim against them. *Hull*, 192 Ariz. at 69, ¶ 16, 961 P.2d at 1017.

¶8 The court of appeals therefore properly affirmed the dismissal of her individual claims against the four automobile manufacturers. *Fernandez*, 1-CA-CV 03-0473, mem. dec. at ¶ 12.

B

¶9 Fernandez nonetheless contends that because she owns or did own a Honda, which allegedly has one of the defective TK-52 series seatbelt buckles, she has standing to represent a class of people who actually own automobiles manufactured by one of the automobile manufacturer defendants in this case.

¶10 Because a plaintiff who cannot allege that a defendant inflicted a distinct and palpable injury on her cannot sue that defendant, *Hull*, 192 Ariz. at 69, ¶ 16, 961 P.2d at 1017, it logically follows that the same plaintiff should not be able to sue that defendant by bringing a class action purporting to represent a class of people who actually were harmed by the defendant. To permit a plaintiff to do that would severely weaken, if not entirely eliminate, our standing requirement.

¶11 "Although we are not bound by federal jurisprudence on the matter of standing, we have previously found federal case law instructive." *Bennett*, 206 Ariz. at 525, ¶ 22, 81 P.3d at 316 (citing *Armory Park*, 148 Ariz. at 6, 712 P.2d at 919). With respect to the issue presented by this case, several United

- 7 -

States Supreme Court decisions are instructive.

¶12    The Court has held that "if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).  In addition, the Court has stressed that named plaintiffs in class actions "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."  *Warth*, 422 U.S. at 502; *see also Lewis v. Casey*, 518 U.S. 343, 357 (1996) (standing requirements are "no less true with respect to class actions than with respect to other suits"); *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) ("That a suit may be a class action, however, adds nothing to the question of standing . . . ."); *Allee v. Medrano*, 416 U.S. 802, 828-29 (1974) ("[A] named plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs; it bears repeating that a person cannot predicate standing on injury which he does not share.  Standing cannot be acquired through the back door of a class action.") (Burger, C.J., concurring in the result in part and dissenting in part).

Given that our class action rule mirrors the federal rule,[4] we find these Supreme Court cases persuasive in deciding the issue presented by this case.

¶13    We hold, therefore, that the proper inquiry in a class action lawsuit must initially focus on whether the plaintiff has an individual claim against the defendant.  If she does not, she cannot maintain a class action against that defendant.  *See Easter*, 381 F.3d at 962 (holding that District Court properly addressed standing before addressing issue of class certification).  Because Fernandez has no individual claim against the defendant automobile manufacturers, she does not have standing to bring a class action against them.

### III

¶14    Fernandez argues that under the "juridical link" doctrine, she should be permitted to pursue her class action against the automobile manufacturers.[5]  We disagree.

¶15    The juridical link doctrine was first articulated in dicta in *LaMar v. H&B Novelty & Loan Co.*, 489 F.2d 461, 470 (9th Cir. 1973).  Another court explained *LaMar*'s discussion of the doctrine as follows:

---

[4]    *See* Fed. R. Civ. P. 23(a)-(d).

[5]    Although Fernandez made this argument in her appellate briefs, the court of appeals did not address it.

> *LaMar* held that a plaintiff without a cause of action against a specific defendant cannot "'fairly and adequately' protect the interests of those who do have such causes of action," for purposes of Rule 23(a). Nevertheless . . . the court went on to hold that if the plaintiffs as a group – named and unnamed – have suffered an identical injury at the hands of several parties related by way of a conspiracy or concerted scheme, or otherwise "juridically related in a manner that suggests a single resolution of the dispute would be expeditious," the claim could go forward.

*Payton v. County of Kane*, 308 F.3d 673, 678-79 (7th Cir. 2002) (citations omitted).

¶16        Federal case law after *LaMar* has largely limited the application of the doctrine to circumstances in which "all the defendants took part in a similar scheme that was sustained either by a contract or conspiracy, or was mandated by a uniform state rule," such that it was "appropriate to join as defendants even parties with whom the *named* class representative did not have direct contact."  *Id*. at 679 (original emphasis); *Moore v. Comfed Sav. Bank*, 908 F.2d 834, 838 (11th Cir. 1990) (commenting that in most cases in which a juridical link was found, "there was either a contractual obligation among all defendants or a state or local statute requiring common action by the defendants"); *In re Itel Sec. Litig.*, 89 F.R.D. 104, 121 (N.D. Cal. 1981) (juridical link "refers to some type of legal relationship which relates all defendants in a way that would make single resolution of a dispute preferable to a multiplicity of similar actions").  For instance, some courts have found a

- 10 -

juridical link when multiple government agencies or officers apply a common rule that is the subject of legal challenge. *See Matte v. Sunshine Mobile Homes, Inc.*, 270 F. Supp. 2d 805, 827 (W.D. La. 2003); *see also Murer v. Montana State Comp. Mut. Ins. Fund*, 849 P.2d 1036, 1039 (Mont. 1993) (finding that a "juridical link [exists] where the various defendants are related instrumentalities of a single state, such as various law enforcement agencies").

¶17    Even if we were to adopt the juridical link doctrine, we would conclude that the doctrine does not confer standing on Fernandez under the circumstances of this case. Fernandez does not allege a conspiracy or concerted action between the automobile manufacturers, nor does she allege that they had some legal relationship. *See, e.g., Easter*, 381 F.3d at 962 (finding that juridical link doctrine did not apply because plaintiffs "presented no evidence that their alleged injuries were the result of a conspiracy or concerted scheme between the . . . [defendants]"); *Alexander v. PSB Lending Corp.*, 800 N.E.2d 984, 993 (Ind. Ct. App. 2003) (concluding that because plaintiffs did not allege any "contractual relationship, concerted conduct, or conspiracy" between defendants with whom named plaintiffs did not have direct contact, application of the juridical link doctrine was not warranted).

## IV

¶18　　Finally, "[a]lthough, as a matter of discretion, we can waive the requirement of standing, we do so only in exceptional circumstances, generally in cases involving issues of great public importance that are likely to recur." *Hull*, 192 Ariz. at 71, ¶ 25, 961 P.2d at 1019. Fernandez, however, has presented no circumstance that persuades us to waive the requirement of standing. She does not contend that her case concerns a matter of statewide importance, involves constitutional questions, or presents issues of such great public importance that we should exercise our discretion and waive standing for her class action claims. *Id*. at 71-72, ¶¶ 25-29, 961 P.2d at 1019-20.

## V

¶19　　For the foregoing reasons, we vacate in part the decision of the court of appeals and affirm the ruling of the trial court dismissing the automobile manufacturers from the lawsuit.

_____
Michael D. Ryan, Justice


CONCURRING:


_____
Charles E. Jones, Chief Justice

_____
Ruth V. McGregor, Vice Chief Justice


_____
Rebecca White Berch, Justice


_____
Andrew D. Hurwitz, Justice