119 P.3d 460

Tammie C. BENNETT and James A. Bennett, wife and husband, dba Old Town Square Arts and Crafts Festival, Plaintiffs–Appellants,

v.

Gheral BROWNLOW and Carol Brownlow, husband and wife; Yavapai County, a political subdivision of the State of Arizona, Defendants–Appellees.

No. CV–04–0215–PR.

Supreme Court of Arizona,
En Banc.

Sept. 9, 2005.

Jones & Miller by Kenton D. Jones, Prescott, Attorneys for Tammie and James Bennett.

Jones, Skelton & Hochuli, P.L.C., by Georgia A. Staton, Randall H. Warner, Phoenix, Attorneys for Yavapai County.

## OPINION

JONES, Justice (retired).

¶ 1 Tammie C. Bennett filed the instant action against Yavapai County challenging a county ordinance that regulates the commercial use of the Yavapai County Courthouse Plaza. We granted review of the question whether the ordinance violates Bennett's right of free speech under the First Amendment to the Constitution of the United States. We conclude that Bennett lacks standing to maintain the action.

### FACTS AND PROCEDURAL HISTORY

¶ 2 The Yavapai County Courthouse is surrounded by an expansive grassy area and numerous large shade trees, commonly referred to as the Courthouse Plaza (the "Plaza"). Several times a year, the County Board of Supervisors (the "Board") allows sponsors of commercial events to use the Plaza. In 1991, Tammie Bennett began organizing an annual event on the Plaza known as the Old Town Square Arts & Crafts Festival (the "Festival").

¶ 3 The Board requires that any party seeking to hold a commercial event on the Plaza first obtain a permit. For several consecutive years, the Board issued Bennett the annual permit for the Festival. As the organizer, each year, Bennett involved the Williamson Valley Volunteer Fire Department (the "VFD") by exchanging use of its nonprofit tax identification number for a portion of the Festival proceeds. The VFD's name did not appear on the annual permits.

¶ 4 In 2000, the Board amended the governing ordinance and designated the Prescott Downtown Partnership (the "Partnership") to oversee use of the Plaza. The amended ordinance required that all major events on the Plaza be sponsored by an organization recognized as non-profit by the Internal Revenue Service, Yavapai County, Ariz., Ordinance 2000–4 § 104(B), and allowed the non-profit sponsor to "designate an Event Coordinator [to] serve as the Sponsor[']s representative with respect to the management of the Event." *Id.* § 104(A).[1] The amendments became effective November 17, 2000.

¶ 5 At some stage of the planning for the 2001 Festival, Bennett and the VFD had a parting of the ways. Thus, in an attempt to comply with the ordinance as amended, Bennett made an arrangement with the non-profit Fraternal Order of Police (the "FOP") and submitted an application for the Festival listing the FOP as the sponsor and Bennett as the "sponsor agent" and "owner-event coordinator." After submitting the application, Bennett was told to submit a revised application because additional information was needed and inclusion of her name on the application as "owner-event coordinator" was inappropriate. *Bennett v. Brownlow*, 208 Ariz. 79, 82, ¶ 7, 90 P.3d 1245, 1248 (App. 2004). Bennett then submitted the revised application listing the FOP as the "Sponsor" and herself as the "Sponsor Agent." The VFD, with which Bennett was no longer associated, also applied for a Plaza permit to sponsor an arts and crafts show on the same dates.

¶ 6 The Partnership awarded the permit to the VFD. In a letter addressed to both the VFD and the FOP, the Partnership reminded both entities that the VFD had sponsored

---

**1.** The ordinance was again amended in 2002 and appears as Yavapai County, Ariz., Ordinance 2002–2 § 104, *available at* http://www.co.yav apai.az.us/ordi nances/Ordinance sIndex.asp (fol-
low "Courthouse Plaza Park Rules 2002–2" hyperlink). This latter amendment has no bearing on the resolution of this matter.

the Festival for more than a decade and "in order to revoke the [VFD's] sponsorship of the event, a serious and overriding reason must be found." The letter stated that a change in management personnel was not a sufficient reason to justify revoking the VFD's long standing sponsorship.

¶ 7 Bennett appealed to the County Parks Director, who affirmed the Partnership's decision. The FOP was not a party to the appeal and did not participate in the proceeding. Thereafter, Bennett appealed the Director's decision to the Board, which declined to hold a hearing to review the administrative decision.

¶ 8 Bennett then filed this action in the superior court naming the County as defendant and alleging various federal and state claims. In a separate lawsuit, Bennett sued County Supervisor Gheral Brownlow, alleging that he caused the VFD to disengage with her. The cases were consolidated. The FOP did not join in either suit. One of Bennett's claims against the County was that "the presentation and sale of arts and crafts at the Festival is expressive conduct entitled to constitutional protection" and that "the County violated the First Amendment ... by limiting event sponsors to non-profit organizations." *Id.* at 83, ¶ 12, 90 P.3d at 1249.

¶ 9 The County moved for summary judgment on all claims and Bennett filed a cross-motion. The trial court granted the County's motion, denied Bennett's motion, and entered judgment allowing Bennett to take an immediate appeal pursuant to Rule 54(b) of the Arizona Rules of Civil Procedure. Bennett appealed the decision to the court of appeals.

¶ 10 The court of appeals addressed Bennett's First Amendment arguments on the merits, largely because the County had not pressed a standing argument. The court nevertheless noted Bennett's possible lack of standing to maintain her constitutional claim:

> [Bennett may not have] standing to challenge the non-profit sponsor requirement of the Ordinance. The only application actually considered and denied by the County was that of the FOP, which is a non-profit organization.

*Id.* at 83, ¶ 12 n. 2, 90 P.3d at 1249 n. 2.

¶ 11 On the merits, the court of appeals determined that the Plaza was a public forum

and that the ordinance was a time, place and manner restriction, which must be "narrowly tailored to serve a *significant* government interest and leave open ample alternatives for communication." *Id.* at 85, ¶ 20, 90 P.3d at 1251. The court held that the ordinance at issue was "neither significantly related to [the County's] purpose nor narrowly tailored to achieve it." *Id.* at 86, ¶ 25, 90 P.3d at 1252. The court reversed the lower court decision and remanded the case for further proceedings to allow Bennett to show whether she was damaged by reason of the unconstitutionality of the ordinance.

¶ 12 The County petitioned for review, which we granted. We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution, Rule 23 of the Arizona Rules of Civil Appellate Procedure, and Arizona Revised Statutes ("A.R.S.") 12–120.24 (2003).

### ANALYSIS

¶ 13 As in the court of appeals, the County does not in this court challenge Bennett's standing to bring this action. The case, as noted by the court of appeals, presents a substantial First Amendment issue. We believe, however, that the threshold issue that must first be resolved is whether Bennett has standing to sue.

¶ 14 Unlike the Constitution of the United States, the Arizona Constitution does not require a party to assert an actual "case or controversy" in order to establish standing. *E.g., Fernandez v. Takata Seat Belts, Inc.,* 210 Ariz. 138, 140, ¶ 6, 108 P.3d 917, 919 (2005); *Bennett v. Napolitano ("Napolitano"),* 206 Ariz. 520, 525, ¶ 19, 81 P.3d 311, 316 (2003). As a matter of sound judicial policy, however, this court has long required that persons seeking redress in Arizona courts must first establish standing to sue. *Napolitano,* 206 Ariz. at 524, ¶ 16, 81 P.3d at 315. The Arizona requirement that plaintiffs establish standing is prudential and constitutes an exercise of judicial restraint. *Id.*

¶ 15 We are thus reluctant to waive the standing requirement and have done so only on rare occasions. *See Rios v. Symington,* 172 Ariz. 3, 5 n. 2, 833 P.2d 20, 22 n. 2 (1992) (court expressly declined to address potential

**196**

standing issues not raised by the parties, but reminded the parties that future attempts to invoke the court's jurisdiction on similar grounds will be viewed with great circumspection). In *Napolitano,* where we declined review on the merits for lack of standing, we explained once again that although we reviewed *Rios* on the merits, *Rios* should not be taken as an indication that we will engage in such review in the future without the claimant first establishing standing to sue. 206 Ariz. at 527, 529, ¶¶ 32, 41, 81 P.3d at 318, 320.

¶ 16 Waiver of the standing requirement is the exception, not the rule. Our reluctance to waive the requirement stems in large part from the narrowness of the exception, as demonstrated by our decision in *Sears v. Hull,* 192 Ariz. 65, 961 P.2d 1013 (1998) (plaintiffs' remote and generalized claim showed no distinct and palpable injury to plaintiffs themselves and did not allege harm of the nature required to achieve standing). Moreover, the standing doctrine is consistent with notions of judicial restraint and ensures that courts refrain from issuing advisory opinions, that cases be ripe for decision and not moot, and that issues be fully developed between true adversaries. *See Armory Park Neighborhood Ass'n v. Episcopal Cmty. Servs. in Ariz.,* 148 Ariz. 1, 6, 712 P.2d 914, 919 (1985).

¶ 17 To establish standing, we require that petitioners show a particularized injury to themselves. *Fernandez,* 210 Ariz. at 140, ¶ 6, 108 P.3d at 919; *Napolitano,* 206 Ariz. at 524, ¶ 16, 81 P.3d at 315. Bennett's claim in this case is that *she* was injured by the requirement in the ordinance that events on the Plaza be sponsored by a non-profit organization. But the sponsor of the Festival listed on Bennett's application, the FOP, *is* a non-profit organization. The only applications that were filed came from the VFD and the FOP, both non-profit organizations. Bennett could not have suffered personal harm from the non-profit requirement as the FOP application was not rejected on that ground. As referenced in the Partnership's rejection letter to the FOP, the FOP's application was rejected not because it lacked a non-profit sponsor, but because sponsorship by the VFD, a long-time backer of the Festival, was preferable.

¶ 18 Both the initial permit application filed by Bennett as well as her revised application listed the FOP as the non-profit sponsor. Bennett was not a sponsor. The Partnership simply made its choice between two non-profit organizations. That choice cannot be said to have caused First Amendment damage to Bennett. On these facts, Bennett cannot establish standing to assert her claim.

### *CONCLUSION*

¶ 19 For the reasons stated, we hold that Bennett lacks requisite standing to maintain this action. We vacate the court of appeals opinion and remand the case to the superior court with instructions to dismiss the complaint.

CONCURRING: RUTH V. McGREGOR, Chief Justice, REBECCA WHITE BERCH, Vice Chief Justice, MICHAEL D. RYAN and ANDREW D. HURWITZ, Justices.

