NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

———————————————

JOSE MONTELONGO-MORALES,
as an individual, and on behalf of others similarly situated,
*Plaintiff/Appellant/Cross-Appellee*,

*v.*

JAMES DRISCOLL, Coconino County Sheriff;
MATT FIGUEROA, Jail Commander of the Coconino County Jail,
All in their official capacities,
*Defendants/Appellees/Cross-Appellants*.

No. 1 CA-CV 19-0502
FILED 10-8-2020

———————————————

Appeal from the Superior Court in Coconino County
No. S0300CV201900012
The Honorable Mark R. Moran, Judge

**AFFIRMED**

———————————————

COUNSEL

American Civil Liberties Union Foundation of Arizona, Phoenix
By Christine K. Wee
*Co-Counsel for Plaintiff/Appellant/Cross-Appellee*

Law Office of Lee Phillips, PC, Flagstaff
By Lee B. Phillips
*Co-Counsel for Plaintiff/Appellant/Cross-Appellee*

Law Office of Robert Malone, Flagstaff
By Robert S. Malone
*Co-Counsel for Plaintiff/Appellant/Cross-Appellee*

Jones, Skelton & Hochuli, PLC, Phoenix
By John T. Masterson, Michele Molinario, Justin M. Ackerman,
Derek R. Graffious
*Counsel for Defendants/Appellees/Cross-Appellants*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Paul J. McMurdie joined.

---

**M O R S E**, Judge:

**¶1**         Jose Montelongo-Morales ("Morales") appeals from the dismissal of his class action lawsuit against Coconino County Sheriff James Driscoll and Commander of the Coconino County Jail Matt Figueroa (collectively, "County"). Morales challenges the County's policy of detaining persons for up to 48 hours past the satisfaction of their local charges upon a timely written request by Immigration and Customs Enforcement ("ICE").[1] He further challenges the trial court's denial of class certification under Arizona Rule of Civil Procedure ("Rule") 23.

---

[1]         The United States Department of Homeland Security ("DHS") is authorized to issue a detainer request to law enforcement to "seek[] custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien." 8 C.F.R. § 287.7(a). Once the individual has completed his local criminal custody, the detainer instructs the agency to detain the individual for a period not to exceed 48 hours so that ICE can assume custody. 8 C.F.R. § 287.7(d).

        The County has a policy to detain suspected removable persons for a period of up to 48 hours past satisfaction of their local charges upon a timely written request by ICE. Arizona law permits law enforcement officials to communicate with federal agencies regarding the enforcement of immigration laws. A.R.S. § 11-1051(B), (F).

¶2 On cross-appeal, County asserts that: (1) Morales did not have standing, but if he did, he should be held to his settlement agreement with the County; and (2) the trial court erred in finding that Morales' putative class met the class action numerosity requirement. Finding Morales has no standing, we affirm the dismissal.

## FACTS AND PROCEDURAL BACKGROUND

¶3 Police arrested Morales on an outstanding warrant stemming from a 2016 failure to appear on various traffic and drug charges. He was booked into the Coconino County jail. That same day, ICE faxed the jail two documents: an I-247(A) Detainer Request and an I-205 Warrant of Removal/Detention. The I-247(A) stated that DHS "has determined that probable cause exists that the subject is a removable alien."

¶4 The criminal court set a $200 bond. Shortly thereafter, Morales filed a complaint for injunctive and declaratory relief and a motion to certify the matter as a class action. Morales asserted a putative class consisting of "[a]ll current and future detainees and inmates of Coconino County Detention Facility who are currently or will be the subject of an ICE detainer request and/or ICE administrative warrant."

¶5 Morales removed the case to the Federal District Court, where it was remanded to the Coconino County Superior Court. In the meantime, three things happened. First, ICE sent the County a new I-247(A) Detainer Request and an I-200 Warrant for Arrest of Alien. Second, Morales and the County began to engage in settlement negotiations. Third, ICE withdrew the request for a detainer.

¶6 Within days, Morales posted the bond, and the jail released him from custody. Following Morales' release, County moved to enforce the settlement agreement and opposed class certification. County also moved to dismiss, asserting that Morales lacked standing because he no longer had a distinct and palpable injury as a result of the County's ICE detention policy.

¶7 The trial court held an omnibus hearing on all pending motions before ruling. The court found Morales lacked standing and granted County's motion to dismiss. Alternatively, the court found Morales did not meet the typicality or adequacy elements required for class actions under Rule 23, and that the parties failed to reach a settlement agreement before Morales posted bond.

¶8          Morales filed a timely notice of appeal to this court after the entry of final judgment. We have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶9          The trial court held that Morales lacked standing to bring the action, finding that:

> ICE had removed the detainer at the time [Morales] posted bond and left the jail. Thus, he was no longer subject to the very policy he asks this Court to declare as unconstitutional. Plaintiff has not suffered "a distinct and palpable injury" that this Court can redress. He no longer has a direct stake in the outcome of the controversy. In short, Plaintiff does not satisfy the basic standing requirement of being a true adversary for the life of this litigation.

¶10          The court declined to waive the standing requirement to address the merits of Morales' claim because Morales was unlikely to be subject to the same policy in the future and the County policy was not one of statewide importance.

¶11          Whether Morales has standing is a legal question which we review de novo. *See Aegis of Ariz., LLC v. Town of Marana*, 206 Ariz. 557, 562, ¶ 16 (App. 2003). Similarly, we review an order granting a motion to dismiss de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355-56, ¶¶ 7-8 (2012). In doing so, "we assume the truth of the allegations set forth in the complaint and uphold dismissal only if the plaintiffs would not be entitled to relief under any facts susceptible of proof in the statement of the claim." *Mohave Disposal, Inc. v. City of Kingman*, 186 Ariz. 343, 346 (1996).

## I.    Standing.

¶12          The Arizona Constitution does not contain a "case or controversy" requirement for standing. *Armory Park Neighborhood Ass'n v. Episcopal Cmty. Servs.*, 148 Ariz. 1, 6 (1985). We do, however, rigorously enforce "prudential and judicial restraint to ensure that courts do not issue mere advisory opinions, that the case is not moot, and that the issues will be fully developed by true adversaries." *Alliance Marana v. Groseclose*, 191 Ariz. 287, 289 (App. 1997). Where a plaintiff lacks standing, courts generally decline jurisdiction. *Bennett v. Brownlow*, 211 Ariz. 193, 195-96, ¶¶ 14-15 (2005) (stating that standing raises prudential concerns and is only waived "on rare occasions").

### A. No Injury In Fact.

**¶13** As a threshold matter, standing requires an "injury in fact, economic or otherwise," caused by the defendant's conduct, resulting in a "distinct and palpable" injury giving the plaintiff a personal stake in the controversy's outcome. *Aegis,* 206 Ariz. at 562-63, ¶¶ 18-19 (citations omitted); *Sears v. Hull*, 192 Ariz. 65, 69, ¶ 16 (1998). Where there is no current injury capable of redress, there is no standing. *See Karbal v. Ariz. Dep't of Revenue*, 215 Ariz. 114, 118, ¶ 19 (App. 2007).

**¶14** Morales argues that he satisfies the actual or threatened injury requirement for standing because his liberty was in jeopardy when he filed his complaint. County contends, however, that after ICE removed the detainer and Morales was released from jail, he was no longer subject to any actual or threatened injury. Because Morales does not face a current injury and any future injury would be contingent on re-arrest, County cites *Klein v. Ronstadt*, 149 Ariz. 123, 124 (App. 1986), for the proposition that courts generally will not render a declaratory judgment in anticipation of an event which may never occur. *See also United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1540-41 (2018) (affirming the "settled rule" that courts should refuse "to assume future criminal conduct").

**¶15** To have standing, a plaintiff must show a "particularized injury to themselves." *Bennett*, 211 Ariz. at 196, ¶ 17. An allegation of generalized harm shared by a large class of citizens is generally insufficient to provide standing. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975). Morales may not sue in "a class action purporting to represent a class of people who actually were harmed" by the County's policy. *See Fernandez v. Takata Seat Belts, Inc.*, 210 Ariz. 138, 141, ¶ 10 (2005). "To permit a plaintiff to do that would severely weaken, if not entirely eliminate, our standing requirement." *Id.* Once Morales paid his bond and was released from jail, he no longer faced a distinct and palpable injury because of the County's detainer policy.

**¶16** The County's policy did not have any effect on Morales. Morales was not detained after posting bond and did not stay in jail any longer than he would have otherwise. Because Morales has not established that he has suffered a distinct and palpable personal injury from the County's policy, we affirm the trial court's determination that Morales failed to meet the individual standing requirement.

### B.      No Waiver of the Standing Requirement.

¶17          Morales next asserts that, even if he has no personal injury, the matter continues to present a question of great public importance which is likely to recur without adjudication because of the inherently transient nature of pretrial detainees.  For this reason, he asserts, it is prudential to waive the standing requirement.

¶18          We disagree.  Morales cites to *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975), to argue that his case is one that is capable of repetition, but evading review.  In *Gerstein*, the Supreme Court recognized that claims involving pretrial detention may be excepted from traditional mootness requirements in limited circumstances when it is difficult to bring a case involving a live claim.  *See id.; see also Sanchez-Gomez*, 138 S. Ct. at 1539 ("The exception [to mootness] applies when the pace of litigation and the inherently transitory nature of the claims at issue conspire to make that requirement difficult to fulfill.").  That is not the situation here, where both federal and state courts in Arizona have made rulings on claims for injunctive relief involving the issues presented in this case.  *See Tenorio-Serrano v. Driscoll*, 324 F. Supp. 3d 1053 (D. Ariz. 2018) (denying a preliminary injunction for claims arising from pretrial detention and an ICE detainer); *Quiroz-Villalobos v. Driscoll, et. al.*, Case No. CV 2019-00210 (Coconino Cty. Super. Ct. April 19, 2019) (same).  There also remain County detainees who could seek review of the policy before the resolution of their local charges.  Therefore, this decision will not have a "broad public impact beyond resolution of the specific case."  *See Cardoso v. Soldo*, 230 Ariz. 614, 617, ¶¶ 5-6 (App. 2012).  Nor is it of the gravitas of *Brush & Nib Studio, LC v. City of Phoenix*, wherein our Supreme Court examined standing in the context of "a real threat of being prosecuted for violating" a law on First Amendment grounds.  247 Ariz. 269, 275, 280, ¶¶ 4, 39 (2019).  This case is not so exceptional as to merit a waiver of the standing requirement on a moot claim.  *See Sears*, 192 Ariz. at 71, ¶ 25.

¶19          For the above-stated reasons, we find, even accepting the truth of the matters pled in his complaint, the trial court did not err in dismissing Morales' claim for lack of standing.

## II.      Class Action Certification and the Settlement Agreement.

¶20          We need not address the issue of class certification or the cross-appeal as to the settlement agreement because both these issues are moot.  "[A] case becomes moot when an event occurs which would cause the outcome of the appeal to have no practical effect on the parties."  *BT*

*Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 300-01, ¶ 9 (2012) (quoting *Sedona Private Prop. Owners Ass'n v. City of Sedona*, 192 Ariz. 126, 127, ¶ 5 (App. 1998)).

### III.     Attorney Fees and Costs.

**¶21**          Morales requests attorney fees and costs incurred in this appeal per A.R.S. §§ 12-341, -348, -1840, -2030 and the private attorney general doctrine.  County seeks attorney fees and costs incurred in the cross-appeal under A.R.S. § 12-341.01 stemming from its efforts to enforce the settlement agreement with Morales.  Because we determine that this case is moot and do not address the settlement agreement, we do not award attorney fees pursuant to A.R.S. § 12-341.01.  County may, however, recover its costs upon compliance with Arizona Rule of Civil Appellate Procedure 21(a).  Morales' request for attorney fees is denied.

### CONCLUSION

**¶22**          For the above-stated reasons, the trial court's dismissal is affirmed.

