NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE: MS2008-000007

No. 1 CA-MH 23-0073 SP

FILED 01-11-2024

Appeal from the Superior Court in Maricopa County
No. MS2008-000007
The Honorable Thomas A. Kaipio, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Aubrey Joy Corcoran
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Michael S. Catlett and Judge Maria Elena Cruz joined.

---

**W E I N Z W E I G**, Judge:

¶1  Keith Winfield Ramsdell appeals the conditions imposed by the superior court on his release to Less Restrictive Alternative ("LRA") Level 6.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2  Ramsdell was committed in March 2010 to the Arizona Community Protection and Treatment Center ("Center") as a "sexually violent person" (SVP), which is defined as an individual who is convicted of a sexually violent offense and who has "a mental disorder that makes the person likely to engage in acts of sexual violence."  A.R.S. § 36-3701(7).  At that time, Ramsdell signed an agreement titled Conditions for Residents on LRA Status ("2010 Agreement").  General Condition 10 of that agreement read:

> I understand and agree that only professional therapeutic relationships with [Center] staff and residents are allowed.  I will not have direct or third party contact with former [Center] staff or contractors. I will limit my interaction with [Center] staff to that which is specifically required by my treatment and supervision.

¶3  Thirteen years later, in 2023, the Center examined Ramsdell under A.R.S. § 36-3708(A), and recommended his release to LRA Level 6, which permits an SVP to independently live in the community while remaining under the superior court's jurisdiction and continuing to receive services and treatment from the Center.

¶4  As a result, Ramsdell petitioned the superior court for his conditional release.  The State agreed not to oppose his conditional release as long as the court imposed additional terms outlined in the Additional Terms and Conditions for the Conditional Release of Keith Ramsdell ("2023 Conditions"), including Condition 1:

> With exception of authorized therapeutic activities, resident
> is not permitted to have any phone, electronic, mail, or third
> party contact with . . . former [Center] staff.

**¶5**　　　　Ramsdell objected to this condition.　The superior court overruled Ramsdell's objections, implemented the proposed conditions and granted Ramsdell's conditional release. Ramsdell timely appealed. We have jurisdiction.　A.R.S. § 12-2101(A)(10).

## DISCUSSION

**¶6**　　　　Ramsdell argues Condition 1 of his 2023 Conditions violates his constitutional rights to free speech and association.

**¶7**　　　　This court has an independent duty to examine its jurisdiction.　*Desert Palm Surgical Grp., P.L.C. v. Petta*, 236 Ariz. 568, ¶ 15 (App. 2015).　"Because our state constitution does not contain a 'case or controversy' provision analogous to that of the federal constitution, we are not constitutionally constrained to decline jurisdiction based on lack of standing.　However, Arizona courts consistently have required as a matter of judicial restraint that a party possess standing to maintain an action." *Sears v. Hull*, 192 Ariz. 65, 71, ¶ 24 (1998).　"Waiver of the standing requirement is the exception, not the rule."　*Bennett v. Brownlow*, 211 Ariz. 193, 196, ¶ 16 (2005) (dismissing claims based on lack of standing when issue was not raised).　We review questions of standing de novo.　*Brush & Nib Studio, LC v. City of Phoenix*, 247 Ariz. 269, 279, ¶ 34 (2019).

**¶8**　　　　Arizona courts require "prudential" standing to ensure that they "refrain from issuing advisory opinions, that cases be ripe for decision and not moot, and that issues be fully developed between true adversaries." *Bennett*, 211 Ariz. at 196, ¶ 16.　An injury is required for prudential standing, *Sears*, 192 Ariz. at 71, ¶ 23, and the injury must be redressable to avoid issuing advisory opinions, *Arizonans for Second Chances, Rehab., & Pub. Safety v. Hobbs*, 249 Ariz. 396, 406 (2020) ("Specifically, a party must show that their requested relief would alleviate their alleged injury.").

**¶9**　　　　On appeal, Ramsdell argues that Condition 1 of the 2023 Conditions violates his constitutional rights to free speech and association, but Ramsdell agreed to the same condition in the 2010 Agreement.　He is still bound by that agreement, which has not been challenged on appeal. Therefore, any potential injury caused by Condition 1 is not redressable, and Ramsdell lacks standing.　And because he lacks standing, we do not address the merits of this claim.

**CONCLUSION**

¶10      We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    TM