NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

NANCY KNIGHT, *Plaintiff/Appellant,*

*v.*

MOHAVE COUNTY, *Defendant/Appellee.*

No. 1 CA-CV 25-0528

FILED 03-30-2026

Appeal from the Superior Court in Mohave County
No. S8015CV202500624
The Honorable Eric Gordon, Judge

**AFFIRMED**

COUNSEL

Nancy Knight, Fort Mohave
*Plaintiff/Appellant*

Mohave County Attorney's Office, Kingman
By Matthew J. Smith, Jason Mitchell
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Andrew J. Becke and Judge Kent E. Cattani joined.

**T H U M M A,** Judge:

¶1 Plaintiff Nancy Knight appeals the dismissal of her claim against defendant Mohave County as barred by claim preclusion. Because she has shown no error, the dismissal is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2 In 2010, Knight bought a home in Desert Lakes Subdivision Tract 4076-B located in Fort Mohave, Arizona. Homes in Desert Lakes are subject to covenants, conditions and restrictions (CC&Rs), first recorded in 1989, which include setback requirements.

¶3 In 1993, Mohave County adopted Resolution No. 93-122 (Res. 93-122), amending the zoning setback requirements applicable to Desert Lakes to conform to the CC&Rs' setback requirements.

¶4 In 2021, Knight sued several Desert Lakes homeowners and Mohave County Development Services (the *Hogue* case). In the *Hogue* case, Knight sought to enforce the CC&Rs' setback requirements and to prevent the County from approving setbacks smaller than those in Res. 93-122. Mohave County, the real party in interest, moved to dismiss her claims as time barred. The court granted that motion and entered judgment for the County and against Knight. Knight appealed, and in September 2024, this court affirmed. *See Knight v. Hogue*, 1 CA-CV 24-0018, 2024 WL 4294777, at *6 ¶ 32 (Ariz. App. Sept. 26, 2024) (mem. decision).

¶5 In March 2025, Knight filed this suit against Mohave County, again seeking to enforce Res. 93-122. This time, Knight sought certification as a class action on behalf of similarly situated Desert Lakes homeowners. Mohave County moved to dismiss arguing that, as relevant here, the judgment in the *Hogue* case meant Knight's claim in this case was barred by claim preclusion. After full briefing, the superior court granted the motion, concluding the judgment in the *Hogue* case barred Knight's claim in this suit. The court also denied her request for class certification.

¶6 After entry of final judgment, *see* Ariz. R. Civ. P. 54(c) (2026),[1] Knight timely appealed. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) §§ 12-2101(A)(1) and -120.21(A)(1).

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

## DISCUSSION

**¶7**        This court reviews de novo an order dismissing a complaint for failure to state a claim. *State ex rel. Brnovich v. Ariz. Bd. of Regents*, 250 Ariz. 127, 130 ¶ 7 (2020) (citing cases).

**¶8**        Claim preclusion bars a subsequent suit when a final judgment in a prior suit has been rendered involving the same parties based on the same cause of action. *See Hall v. Lalli*, 194 Ariz. 54, 57 ¶ 7 (1999) (citing cases) (using term res judicata); *see also Banner Univ. Med. Ctr. Tucson Campus, LLC v. Gordon*, 252 Ariz. 264, 266 ¶ 10 (2022) ("For . . . claim preclusion to apply, there must be a final judgment on the merits."). As in the *Hogue* case, Knight claims here that Mohave County violated Res. 93-122. The *Hogue* case resulted in a final judgment against Knight, which was affirmed on appeal. *See Hogue*, 1 CA-CV 24-0018, at *3 ¶ 12, *6 ¶ 32. Mohave County and Knight are both parties to each lawsuit. And Knight has shown no exception to claim preclusion here.

**¶9**        To the extent Knight argues the *Hogue* case was not a putative class action, that difference does not negate claim preclusion here. Because Knight is barred from asserting the claims in this case, given the judgment in the *Hogue* case, she cannot properly represent a putative class. *See* Ariz. R. Civ. P. 23(a)(3) & (4). Although Knight states, without support, that claim preclusion "does not exist," the doctrine does exist. *See In re Gen. Adjudication of All Rts. to Use Water in Gila River Sys. & Source*, 212 Ariz. 64, 69 ¶ 14 (2006) (citing cases); *Hall*, 194 Ariz. at 57 ¶ 6; *Circle K Corp. v. Indus. Comm'n of Ariz.*, 179 Ariz. 422, 425 (App. 1993). And to the extent she suggests the doctrine does not apply here, it does, as set forth above. Because claim preclusion bars her claim here, the court properly dismissed Knight's complaint. *See In re Gen. Adjudication*, 212 Ariz. at 69-70 ¶ 14 (listing elements for claim preclusion).

**¶10**  Because Knight's claim fails, the superior court properly denied her request for class certification. *See Fernandez v. Takata Seat Belts, Inc.*, 210 Ariz. 138, 141 ¶ 13 (2005) (plaintiff must have viable claim against defendant to press a class action). Accordingly, this court need not address Knight's arguments regarding the timeliness of her claim or her assertion that the claim must be removed to federal court.

## CONCLUSION

**¶11**  The judgment is affirmed.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:  JR