Argued and submitted June 18, 2001, affirmed January 9, 2002

STATE OF OREGON,
*Plaintiff,*
*and*
CITY OF PORTLAND,
*Appellant,*
*v.*
SAMUEL KIM KAMA,
*Respondent.*
9906-34218; A109667
39 P3d 866

David Lesh argued the cause and filed the brief for appellant.

Richard White argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Brewer, Judge.

---

* Deits, C. J., *vice* Warren, S. J.

LANDAU, P. J.

## LANDAU, P. J.

The City of Portland (city) appeals a judgment that, among other things, orders it to return to defendant a small amount of marijuana that he is entitled to possess under the Oregon Medical Marijuana Act, ORS 475.300 *et seq*. According to the city, the return of the marijuana to defendant would constitute delivery of a controlled substance in violation of federal law. We affirm.

The relevant facts are undisputed. Portland police officers executed a search warrant at the residence of Richard LeBus and Maria Jackson. Defendant drove up as the officers were searching the residence. The officers searched him and found in his possession a tin containing a small amount of marijuana. Defendant has a medical condition that qualifies him for the lawful medical use of marijuana under ORS 475.306.

The state charged LeBus, Jackson, and defendant with possession, manufacture, and delivery of a controlled substance, but it later dismissed all charges against defendant. Meanwhile, defendant moved for the return of his property, that is, his marijuana. The city opposed the motion, arguing that, because marijuana is a Schedule I controlled substance, 21 USC § 812, to return the marijuana to defendant would require the city to commit the federal crime of delivering a controlled substance, 21 USC § 841(a). The trial court allowed defendant's motion and ordered the return of the marijuana.

On appeal, the city reiterates its argument that, because marijuana is a Schedule I controlled substance, it cannot be ordered to return defendant's marijuana without causing it to violate federal law. Defendant argues that the federal crime of distribution of a controlled substance does not include the conveyance of a controlled substance in the course of an officer's otherwise lawful duties; otherwise, he observes, law enforcement personnel could not so much as deliver marijuana to a city property locker without violating federal law. Moreover, defendant observes, federal law expressly makes law enforcement personnel immune from any civil or criminal liability arising out of their handling of

controlled substances as part of their official duties. Because we agree with the latter point, and it is dispositive, we need not address the former.

ORS 475.309 provides that a person who demonstrates that he or she has been diagnosed with a debilitating medical condition and that medical use of marijuana may mitigate the symptoms or effects of the condition can obtain a "registry identification card." Persons who possess such a card may engage in the medical use of marijuana to mitigate the symptoms or effects of their debilitating medical condition. ORS 475.306. Any usable marijuana and related paraphernalia that law enforcement personnel have seized from a person who possesses a registry identification card must be

> "returned immediately upon a determination by the district attorney in whose county the property was seized, or his or her designee, that the person from whom the marijuana or paraphernalia used to administer marijuana was seized is entitled to the protections contained in ORS 475.300 to 475.346. Such determination may be evidenced, for example, [by] a decision not to prosecute, the dismissal of charges, or acquittal."

ORS 475.323(2).

■ The federal Controlled Substances Act confers immunity on all state and federal law enforcement officers engaged in the enforcement of the Act or of any state or municipal law relating to controlled substances:

> "No civil or criminal liability shall be imposed by virtue of this subchapter upon any duly authorized Federal officer lawfully engaged in the enforcement of this subchapter, or upon any duly authorized officer of any State, territory, political subdivision thereof, the District of Columbia, or any possession of the United States, who shall be lawfully engaged in the enforcement of any law or municipal ordinance relating to controlled substances."

21 USC § 885(d). Thus, for example, the statute confers immunity on law enforcement personnel engaged in undercover drug operations. *See, e.g., U.S. v. Fuller*, 162 F3d 256 (4th Cir 1998).

■    In this case, there is no debate that defendant is entitled to possession of the marijuana under ORS 475.323(2). Even assuming that returning the marijuana otherwise might constitute delivery of a controlled substance, the city does not explain—and we do not understand—why police officers would not be immune from any federal criminal liability that otherwise might arise from doing so.

Affirmed.