158 P.3d 243

Steven KARBAL, individually and
in a representative capacity,
Plaintiff/Appellant,

v.

ARIZONA DEPARTMENT OF REVE-
NUE, a political subdivision of the State
of Arizona; Vanguard Car Rental USA,
Inc., dba National Car Rental, an Okla-
homa corporation, individually and in a
representative capacity; Four Seasons
Hotels Limited, a Canadian corporation,
individually and in a representative ca-
pacity, Defendants/Appellees,

and

Arizona Sports & Tourism Authority, a
political subdivision of the State of Ari-
zona, Defendant–in–Intervention/Appel-
lee.

No. 1 CA–TX 06–0010.

Court of Appeals of Arizona,
Division 1, Department T.

May 24, 2007.

Kickham Hanley, P.C. By Gregory D. Hanley, Royal Oak, MI, Attorneys pro hac vice for Plaintiff/Appellant.

Hebert Schenk, P.C. By Shawn K. Aiken, Richard M. Gerry, Phoenix, Co–Counsel for Plaintiff/Appellant.

Terry Goddard, Attorney General By Elizabeth S. Hill, Assistant Attorney General, Kimberly J. Cygan, Assistant Attorney General, Phoenix, Attorneys for Defendant/Appellee Arizona Department of Revenue.

Fennemore Craig, P.C. By Paul J. Mooney, Jim L. Wright, Phoenix, Attorneys for Defendant–in–Intervention/Appellee Arizona Sports & Tourism Authority.

## OPINION

PORTLEY, Judge.

¶ 1 Steven Karbal ("Karbal") appeals the dismissal of his refund claim because the tax court lacked subject matter jurisdiction. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 Beginning March 1, 2001, Arizona imposed a transaction privilege tax on car and hotel room rentals pursuant to Arizona Revised Statutes ("A.R.S.") sections 5–839 and 5–840 to fund projects sponsored by the Arizona Sports and Tourism Authority ("AZ–STA"). *See, e.g., Long v. Napolitano,* 203 Ariz. 247, 252, ¶ 7, 53 P.3d 172, 177 (App. 2002) (discussing taxes collected to fund construction of a professional football stadium).

¶ 3 Karbal, a Michigan resident, rented a car from National Car Rental ("National")[1] and a hotel room at the Four Seasons Hotels Ltd. ("Four Seasons") during his visit to Arizona in May 2005. Michael Devine ("Devine"), also a Michigan resident, rented a car from Enterprise Leasing Co. of Phoenix ("Enterprise") and a hotel room from KSL Biltmore Resort, Inc. ("Biltmore") during his March 2003 visit. Pursuant to A.R.S. §§ 5–839 and 5–840, the car rental companies collected amounts equal to 3.25% of their car rental prices, and the hotels collected amounts equal to 1% of their hotel rates.

¶ 4 Devine filed a refund claim with the Arizona Department of Revenue ("ADOR") challenging the validity of the taxes collected by Enterprise and Biltmore. ADOR denied the claim, and Devine unsuccessfully appealed to the Office of Administrative Hearings. After the appeal, Devine filed this action in tax court.[2] The complaint was amended in July 2005 to add Karbal as a plaintiff. Three days later, Devine voluntarily dismissed his individual claims.[3]

¶ 5 ADOR moved to dismiss the complaint because (1) the tax court lacked subject-matter jurisdiction because Karbal and other members of the putative class had not exhausted the available administrative remedies, and (2) Karbal did not have standing to challenge the taxes because they fell on the

---

1. National is the business name of Vanguard Car Rental USA.

2. Devine filed for his individual refund, and as a class representative for others similarly situated. The putative class has not been certified.

3. Karbal stipulated to allow AZ–STA to intervene as a defendant.

vendors, not on their customers. The tax court dismissed the claim because Karbal had not filed a refund claim, and this appeal followed. We have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003).

## DISCUSSION

¶ 6 The parties contest whether Karbal has standing to bring this action.[4] Standing is a question of law that we review *de novo*. *Robert Schalkenbach Found. v. Lincoln Found., Inc.*, 208 Ariz. 176, 180, ¶ 15, 91 P.3d 1019, 1023 (App.2004). A putative class representative who does not have standing cannot maintain a class action on behalf of others who could allege standing. *See Fernandez v. Takata Seat Belts, Inc.*, 210 Ariz. 138, 141, ¶¶ 12–13, 108 P.3d 917, 920 (2005).

¶ 7 The question of standing in Arizona does not raise constitutional concerns because, unlike the United States Constitution, Arizona's constitution contains no case or controversy requirement. *Armory Park Neighborhood Ass'n v. Episcopal Cmty. Servs. in Ariz.*, 148 Ariz. 1, 6, 712 P.2d 914, 919 (1985). Nevertheless, standing generally requires an injury in fact, economic or otherwise, caused by the complained-of conduct, and resulting in a distinct and palpable injury giving the plaintiff a personal stake in the controversy's outcome. *Aegis of Ariz., L.L.C. v. Town of Marana*, 206 Ariz. 557, 562–63, ¶ 18, 81 P.3d 1016, 1021–22 (App. 2003) (quotations omitted). If there is no standing, courts generally decline jurisdiction. *See Bennett v. Brownlow*, 211 Ariz. 193, 195–96, ¶¶ 14–16, 119 P.3d 460, 462–63 (2005) (stating that standing raises prudential concerns and is only waived "on rare occasions").

### A. The Hotel Tax and Car Rental Surcharge Are More Similar to Transaction Privilege Taxes Than to Sales Taxes.

¶ 8 In analyzing whether Karbal has standing, we must first determine the nature of

the hotel tax and car rental surcharge. The tax imposed by A.R.S. § 5–839(C) is a surcharge applied "to the business of leasing or renting" vehicles. Its statutory twin, A.R.S. § 5–840(A), provides for "a tax on the gross proceeds of sales or gross income from the business of every person engaging or continuing in a [hotel] business."

¶ 9 The two taxes are akin to transaction privilege taxes, which are "an excise on the privilege or right to engage in particular businesses within the taxing jurisdiction." *US West Commc'ns., Inc. v. City of Tucson*, 198 Ariz. 515, 523, ¶ 24, 11 P.3d 1054, 1062 (App.2000). Transaction privilege taxes are levied on gross income or gross proceeds from specific business activities. *See S. Pac. Transp. Co. v. State*, 202 Ariz. 326, 333, ¶ 25, 44 P.3d 1006, 1013 (App.2002).

¶ 10 "[A]n excise tax on the privilege or right to engage in an occupation or business in the State of Arizona" is a tax paid by the business providing the service, "not a tax upon the sale itself." *Ariz. Dep't of Revenue v. Mountain States Tel. & Tel. Co.*, 113 Ariz. 467, 468, 556 P.2d 1129, 1130 (1976); *see also Tower Plaza Invs., Ltd. v. DeWitt*, 109 Ariz. 248, 250, 508 P.2d 324, 326 (1973) (stating that "the tax is not upon sales … but upon the privilege or right to engage in business in the State, although measured by the gross volume of business activity"). Karbal concedes that the AZ–STA taxes are excise taxes, as opposed to sales taxes, because they are regulated as "local excise taxes" under A.R.S. Title 42, Chapter 6.[5]

### B. Karbal Does Not Have Standing Because the Legal Incidence of the Taxes Falls on the Businesses, Not Their Customers.

¶ 11 Because Arizona imposes taxes on the business activity of renting cars and

---

4. Because we find that Karbal does not have standing to pursue this suit, we decline to address the issue of exhaustion of administrative remedies.

5. Transaction privilege taxes are regulated under A.R.S. Title 42, Chapter 5. "Local excise taxes" are collected "in the same manner as authorized" for transaction privilege taxes. A.R.S. § 42–6002.

hotel rooms, Karbal is not liable for the payment of these taxes to the State. The taxpayers are the hotels and rental car businesses filing the returns and remitting the taxes. "The legal incidence of the transaction privilege tax is on the seller," even though the cost may be passed on to customers like Karbal. *See J.C. Penney Co. v. Ariz. Dep't of Revenue*, 125 Ariz. 469, 472, 610 P.2d 471, 474 (App.1980). Karbal lacks legal standing to bring this suit because he is not the actual taxpayer. *See Twentieth Century Sporting Club, Inc. v. United States*, 92 Ct. Cl. 93, 34 F.Supp. 1021, 1023 (1940) ("But even though the plaintiff had in fact borne the burden of the tax, it nevertheless was not the taxpayer; no taxes were exacted from it by the defendant and there is, therefore, no right given to it under the law to recover.").[6]

### 1. No Injury in Fact

¶ 12 Karbal, however, argues standing does exist, relying on *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), a non-tax case. In *Lujan*, the United States Supreme Court, in a case challenging a regulation which impacted the Endangered Species Act, developed a three-part test for standing, requiring (1) an injury in fact, (2) a causal connection between the injury and the alleged conduct, and (3) the likelihood that a favorable decision would redress the plaintiff's injury. *Id.* at 560–61, 112 S.Ct. 2130. Karbal contends he meets the *Lujan* standard because he bears the economic burden of taxes allegedly passed through to him.

¶ 13 *Lujan* does not, however, support Karbal's argument. The Court, in examining whether the environmental groups had standing to challenge the regulation, explained that "[w]hen … a plaintiff's asserted injury arises from the government's allegedly unlawful regulation … of *someone else*, much more is needed." *Lujan*, 504 U.S. at 562, 112 S.Ct. 2130. The Court warned that "causation and redressability" are more difficult to prove where they "ordinarily hinge on the response of the regulated (or regulable)

third party to the government action." *Id.*; *see also ASARCO Inc. v. Kadish*, 490 U.S. 605, 614–15, 109 S.Ct. 2037, 104 L.Ed.2d 696 (1989) (holding that an Arizona teachers' association did not have standing to challenge the State's procedure for granting mineral leases that finance educational trust funds because the State could offset any increase by reducing other funding sources or could use the increase for something other than teacher salaries or benefits).

¶ 14 Karbal maintains that the government's imposition of tax on the hotels and car rental agencies gave rise to his alleged grievance. But those entities, not the State, chose to pass the tax on to Karbal. Standing to challenge a tax does not exist merely because a customer pays a higher price for a product or service received from a taxpayer.

¶ 15 In an effort to find analogous authority applying *Lujan*, Karbal turns to Supreme Court cases examining sales and use taxes. *See Gen. Motors Corp. v. Tracy*, 519 U.S. 278, 117 S.Ct. 811, 136 L.Ed.2d 761 (1997) (addressing general sales and use taxes Ohio imposed on natural gas purchasers); *Maryland v. Louisiana*, 451 U.S. 725, 101 S.Ct. 2114, 68 L.Ed.2d 576 (1981) (analyzing a first use tax Louisiana imposed on certain uses of imported natural gas). The Supreme Court, however, recognizes the distinction between those forms of tax and transaction privilege taxes:

> We follow standard usage, under which gross receipts taxes are on the gross receipts from sales payable by the seller, in contrast to sales taxes, which are also levied on the gross receipts from sales but are payable by the buyer (although they are collected by the seller and remitted to the taxing entity).

*Okla. Tax Comm'n v. Jefferson Lines, Inc.*, 514 U.S. 175, 179 n. 3, 115 S.Ct. 1331, 131 L.Ed.2d 261 (1995), *superseded by statute on other grounds*, 49 U.S.C. § 14505 (2006), *as recognized in Tri–State Coach Lines, Inc. v. Metro. Pier & Exposition Auth.*, 315 Ill.

---

**6.** Karbal contends that a determination that the legal incidence of the taxes falls on the hotels and rental car companies is a factual finding, and that we must assume the truth of his allega-

tions when reviewing the motion to dismiss. The legal incidence of taxes, however, is a legal question, and we are not bound by Karbal's allegations.

App.3d 179, 247 Ill.Dec. 805, 732 N.E.2d 1137, 1146–47 (2000).

¶ 16 The Court has expressly held that it is pivotal to identify who bears the legal incidence of the tax in resolving standing. In *Oklahoma Tax Commission v. Chickasaw Nation,* Oklahoma disputed a finding that the legal incidence of a fuel tax fell on the retailer because the approach "has no relationship to economic realities." 515 U.S. 450, 459, 115 S.Ct. 2214, 132 L.Ed.2d 400 (1995) (quotations omitted). The Court declined to engage in the "daunting" inquiry into economic realities, which might oblige it to consider "how completely retailers can pass along tax increases without sacrificing sales volume." *Id.* at 460, 115 S.Ct. 2214. Moreover, the statute contained no pass-through provision or "indication that retailers [were] simply collection agents for taxes ultimately imposed on consumers." *Id.* at 461, 462, 115 S.Ct. 2214. Consequently, the Court held only the retailer could challenge the tax. *Id.* at 461–62, 115 S.Ct. 2214.[7]

¶ 17 In the case of transaction privilege taxes, Arizona courts have held that "[t]he legal incidence of the transaction privilege tax is on the seller, or in the case of leases, on the landlord, even though it may be passed on to the customer or tenant." *J.C. Penney,* 125 Ariz. at 472, 610 P.2d at 474; *see also Ariz. State Tax Comm'n v. Garrett Corp.,* 79 Ariz. 389, 393, 291 P.2d 208, 210–11 (1955) (stating that transaction privilege taxes do not have to be passed through to consumers even though common practice is to do so); *Tucson Mech. Contracting, Inc. v. Ariz. Dep't of Revenue,* 175 Ariz. 176, 180, 854 P.2d 1162, 1166 (App.1992) (holding that even separately stating the tax does not economically compel shifting the tax to the purchaser, affect exclusions from gross receipts, or change the legal incidence of the tax).

¶ 18 The mere fact that Arizona hotels and car rental agencies may pass their taxes to customers does not shift the legal incidence of the tax or confer standing on Karbal. As the Arizona Supreme Court explained:

> The parties to a commercial transaction cannot change the essential nature of a tax imposed upon one of them by agreeing that the other shall be liable for payment of the tax.
>
> . . . .
>
> Whether the [hotels and car rental companies] explicitly or implicitly require [customers] to bear the burden of the tax, or whether they choose to bear the expense themselves, the result is the same. The tax is imposed upon the [business o]wner. . . .

*Kunes v. Samaritan Health Serv.,* 121 Ariz. 413, 417, 590 P.2d 1359, 1363 (1979).[8]

### 2. A Favorable Decision Will Not Redress Karbal's Alleged Injury.

¶ 19 Assuming that *Lujan* applies, it requires an injury in fact and a showing that the injury can be redressed by a favorable decision. 504 U.S. at 560–61, 112 S.Ct. 2130. Karbal cannot make this showing.

¶ 20 Arizona law provides no mechanism requiring the hotel and car rental companies to return to Karbal any sum collected for the payment of taxes. *See Ariz. Dep't of Revenue v. Canyoneers, Inc.,* 200 Ariz. 139, 144, ¶¶ 20–23, 23 P.3d 684, 689 (App.2001) (holding that the State cannot condition transaction privilege tax refunds upon subsequent customer repayment without clear statutory authority to do so). Consequently, although a favorable decision could lead to a refund for the rental car companies and hotels charged with the taxes, there is no requirement that they pass along the refund to the plaintiff class.

---

7. More recently, the Court ruled that there is no general taxpayer standing to challenge state taxes because general taxpayer standing does not entail an "actual or imminent" or "concrete and particularized" injury to the taxpayer. *See DaimlerChrysler Corp. v. Cuno,* —— U.S. ——, ———– ———, 126 S.Ct. 1854, 1862–64, 164 L.Ed.2d 589 (2006).

8. Karbal also relies upon a minute entry in *Long v. Napolitano,* CV 2001–015659 (Maricopa County Super. Ct. Nov. 2, 2001). Because *Long* was not published, *see Walden Books Co. v. Dep't of Revenue,* 198 Ariz. 584, 589, ¶ 23, 12 P.3d 809, 814 (App.2000), and standing was not discussed in the subsequent appeal, *Long,* 203 Ariz. 247, 53 P.3d 172, we decline to address it.

### C. Joining the Four Seasons and National as Defendants Does Not Cure Karbal's Standing Problem.

¶ 21 In an effort to acquire standing, Karbal has joined the Four Seasons and National as defendants. He relies upon *Javor v. State Board of Equalization*, 12 Cal.3d 790, 117 Cal.Rptr. 305, 527 P.2d 1153 (1974). This effort is unavailing.

¶ 22 *Javor* is a sales tax case with no relationship to transaction privilege taxes. It concerned retailers who were reimbursed by the State Board of Equalization for excessive sales taxes but failed to reimburse the customers who paid the taxes. *Id.* 117 Cal. Rptr. 305, 527 P.2d at 1155–56. The California Supreme Court allowed the customers to compel the retailers to claim refunds from the Board so the customers could be repaid by the retailers. *Id.* 117 Cal.Rptr. 305, 527 P.2d at 1161. As explained previously, Four Seasons and National are not required to pass the tax on to their customers, and there is no mechanism in place requiring them to give their customers any refund they may obtain. The *Javor* rationale has no bearing here.

### D. ADOR is Not Estopped from Arguing the Standing Issue.

¶ 23 Karbal additionally argues that ADOR is estopped from arguing that the taxes are intended to burden hotels and car rental agencies because AZ–STA had stated that the taxes were designed to "affect out-of-state visitors." ADOR is estopped if: (1) it "commits acts inconsistent with a position it later adopts," (2) the other party relies upon those acts, and (3) the other party is injured when ADOR repudiates its prior acts. *Valencia Energy Co. v. Ariz. Dep't of Revenue*, 191 Ariz. 565, 576–77, ¶ 35, 959 P.2d 1256, 1267–68 (1998). Because Karbal does not explain how these elements apply, we do not address the argument.

### CONCLUSION

¶ 24 Based on the foregoing, we affirm the trial court's dismissal of Karbal's claim in both his individual and representative capacities.

CONCURRING: DONN KESSLER and PATRICK IRVINE, Judges.