296 P.3d 998

**STATE of Arizona, Plaintiff/Appellant,**

v.

**Valerie Ann OKUN, Defendant/Appellee.**

No. 1 CA–CV 12–0094.

Court of Appeals of Arizona,
Division 1, Department E.

Jan. 10, 2013.

Jon R. Smith, Yuma County Attorney By Edward P. Feheley, Deputy County Attorney, Theresa W. Fox, Deputy County Attorney, Yuma, Attorneys for Appellant.

Donovan Law, PLLC By Michael J. Donovan, Yuma, Attorneys for Appellee.

## OPINION

JOHNSEN, Judge.

¶ 1 Authorities stopped Valerie Okun entering Arizona near Yuma and seized marijuana and other contraband from her car. The State filed drug charges against Okun, but dismissed them after she produced proof she is permitted to possess marijuana for medical purposes under the Arizona Medical Marijuana Act. After the charges were dropped, the superior court granted Okun's request for the return of the marijuana. In this appeal from that order, the State argues Arizona law requires forfeiture of any marijuana seized by law enforcement and also contends the Yuma County Sheriff cannot return the marijuana to Okun without risk of violating the federal Controlled Substances Act. We affirm the superior court's order requiring the Sheriff to return the marijuana to Okun. Because Arizona law allows Okun to possess the marijuana, it is not subject to forfeiture under state law. Moreover, the Sheriff is immune from prosecution under the federal law for acts taken in compliance with a court order.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Authorities stopped Okun's car at a Border Patrol checkpoint and found marijuana. State drug charges against her were dismissed, however, after she showed she is authorized to possess the drug under California's Medical Marijuana Program, and thereby may possess the drug under Arizona's Medical Marijuana Act. *See* Ariz. Rev. Stat.

("A.R.S.") §§ 36–2801(17) (West 2013) (defining "visiting qualifying patient"), –2804.03(C) (West 2013) (visiting qualifying patients authorized under laws of other states also entitled to legally possess medicinal marijuana in Arizona); Cal. Health & Safety Code § 11362.71 (West 2013).[1]

¶3 At Okun's request and without opposition from the State, the superior court then ordered the return of the seized material. After the order issued, however, the Yuma County Sheriff refused to return the marijuana to Okun. Okun filed a motion for order to show cause, which the court granted over the State's objection. The State's timely appeal followed. We have jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(1) (West 2013) and –2101(A)(1) (West 2013).

## DISCUSSION

### A. The Arizona Medical Marijuana Act.

¶4 The Arizona Medical Marijuana Act ("AMMA"), passed by voters in 2010, added a chapter to Title 36 that establishes conditions allowing medicinal use of marijuana. Initiative Measure, Prop. 203 (approved by election Nov. 2, 2010, eff. Dec. 4, 2010). As described by the Arizona Legislative Council's ballot measure analysis, "the purpose of th[e] act was to protect patients with debilitating medical conditions, as well as their physicians and providers, from arrest and prosecution, criminal and other penalties and property forfeiture if such patients engage in the medical use of marijuana." Ariz. Sec'y of State, *Ariz. Ballot Prop. Guide, Gen. Election–Nov. 2, 2010* 73, *available at* http://azsos.gov/election/2010/info/PubPamphlet/english/prop203.pdf.

¶5 The AMMA allows a patient with a debilitating medical condition to obtain a registration identification card that permits possession and use of marijuana for medicinal purposes. A.R.S. §§ 36–2801(9), (13), (14), –2804.02 (West 2013). Section 36–2811(B)(1) (West 2013) protects registered qualifying patients who possess an allowable amount of

1. Absent material revisions after the relevant date, we cite a statute's current version.

2. Officers at the Border Patrol checkpoint also seized hashish and drug paraphernalia from

marijuana from "arrest, prosecution or penalty in any manner, or denial of any right or privilege, including any civil penalty or disciplinary action by a court." *See* A.R.S. § 36–2801(1) (defining "allowable amount"). Additionally, "visiting qualifying patients" holding equivalent identification cards issued under the laws of another state have the same protection. A.R.S. §§ 36–2801(17), –2804.03(C). The State does not dispute that Okun possesses a valid California-issued identification card that permits her to possess an allowable amount of marijuana in Arizona.[2]

### B. Okun's Property Was Not Summarily Forfeited Pursuant to A.R.S. § 13–3413(C).

¶6 The State first argues the superior court erred in ordering the Sheriff to return the marijuana to Okun because the drug is subject to summary forfeiture under A.R.S. § 13–3413(C) (West 2013). In relevant part, § 13–3413(C) provides that marijuana "seized in connection with any violation of this chapter or which come[s] into the possession of a law enforcement agency [is] summarily forfeited." We review *de novo* the superior court's interpretation of a statute. *TDB Tucson Group, L.L.C. v. City of Tucson*, 228 Ariz. 120, 123, ¶ 6, 263 P.3d 669, 672 (App.2011); *State v. Givens*, 206 Ariz. 186, 187, ¶ 2, 76 P.3d 457, 458 (App.2003).

¶7 We conclude § 13–3413(C) does not compel the summary forfeiture of the marijuana seized from Okun. Addressing first the initial clause of the provision the State cites, law enforcement authorities did not seize the drug from Okun "in connection with" a drug offense under Arizona law. As noted, the State does not dispute that Okun has a state-law right to possess the drug. *Cf. United States v. 608 Taylor Ave.*, 584 F.2d 1297, 1302–03 (3d Cir.1978) (motion for return of property should be granted once criminal proceedings have ended).

Okun; the superior court ordered the Sheriff to return those items to Okun, too. On appeal, the State does not argue Okun lacked a state-law right to possess the hashish and paraphernalia.

¶ 8 Nor may the State properly rely on the second clause of § 13–3413(C), which allows summary forfeiture of any marijuana that comes "into the possession of a law enforcement agency." Other subsections of § 13–3413 allow the State to bring civil forfeiture proceedings with respect to items such as money, books and equipment when they are used in a chapter 34 drug offense. In contrast, the items enumerated in subsection (C)—"[p]eyote, dangerous drugs, prescription-only drugs, marijuana, narcotic drugs and plants from which such drugs may be derived"—are summarily forfeited because the mere possession of such items constitutes a criminal offense. *See* A.R.S. §§ 13–3402 to –3408 (West 2013).

¶ 9 In approving the AMMA, however, Arizona voters decided that a qualified patient does not commit a criminal offense by possessing an allowable amount of marijuana. Consistent with that voter-approved directive, the AMMA mandates that marijuana may not be seized or forfeited from a qualifying patient. Specifically, § 36–2811(G) states that "[p]roperty, including all interests in the property, otherwise subject to forfeiture under title 13, chapter 39, that is possessed, owned or used in connection with the medical use of marijuana ... *is not subject to seizure or forfeiture.*" (Emphasis added). This specific and more recent provision exempting medical marijuana from "seizure or forfeiture" controls over the more general provision in the forfeiture statute upon which the State relies. *See In re Guardianship/Conservatorship of Denton,* 190 Ariz. 152, 157, 945 P.2d 1283, 1288 (1997) ("[W]hen there is conflict between two statutes, 'the more recent, specific statute governs over the older, more general statute.'") (quotation omitted).

¶ 10 The State argues that because subpart (G) of § 36–2811 refers to property "otherwise subject to" civil forfeiture proceedings pursuant to A.R.S. § 13–4301 *et. seq.,* it does not bar *summary* forfeiture of seized marijuana pursuant to A.R.S. § 13–3413(C). In support of this argument, the State points out that Oregon's medical marijuana statute expressly provides that marijuana seized from a qualifying patient must be returned to the patient once it is determined that the patient qualifies for protection. Or.Rev.Stat. § 475.323(2) (West 2013). The State argues that the AMMA's omission of an express mandate for the return of marijuana seized from a qualifying patient demonstrates the drafters' intent that authorities need not return the marijuana because it has been summarily forfeited pursuant to A.R.S. § 13–3413(C).

¶ 11 We cannot accept the State's interpretation of the statutes. The AMMA prohibits the imposition of a "penalty in any manner" on a qualified patient possessing an allowable amount of marijuana. A.R.S. § 36–2811(B)(1). The State's assertion—that even though § 36–2811(G) prohibits civil forfeiture proceedings against a qualified patient possessing an allowable amount of marijuana, authorities still may summarily seize that same marijuana pursuant to § 13–3413(C)—flies in the face of any reasonable interpretation of the statute. Because we must respect the voter-approved statutory mandate that a qualified patient cannot suffer a penalty for possessing an allowable amount of marijuana, we reject the State's argument that marijuana seized from a qualified patient is subject to summary forfeiture pursuant to § 13–3413(C).

## C. The Sheriff Is Immune from Federal Prosecution For Complying with the Superior Court Order.

¶ 12 The State further argues the superior court's order is erroneous because it subjects the Sheriff to prosecution as a transferor of marijuana under the federal Controlled Substances Act. *See* 21 U.S.C. § 841(a)(1) (West 2013) (unlawful to "distribute[ ] or dispense" a controlled substance).

¶ 13 As Okun points out, however, federal law immunizes a law enforcement official from liability under circumstances such as these. Title 21, section 885(d) of the United States Code is titled "Immunity of Federal, State, local and other officials" and provides that, with exceptions not relevant here, "no civil or criminal liability shall be imposed by virtue of this subchapter ... upon any duly authorized officer of any State, territory, political subdivision thereof

... who shall be lawfully engaged in the enforcement of any law or municipal ordinance relating to controlled substances." 21 U.S.C. § 885(d). This provision immunizes law enforcement officers such as the Sheriff from any would-be federal prosecution for complying with a court order to return Okun's marijuana to her. *See City of Garden Grove v. Superior Court*, 157 Cal. App.4th 355, 68 Cal.Rptr.3d 656, 681 (2007) (federal immunity protects law enforcement from liability for complying with order requiring return of marijuana seized from medical marijuana user); *State v. Kama*, 178 Or.App. 561, 39 P.3d 866, 868 (2002) (same).

¶ 14 The State acknowledges the immunity provision, but argues the superior court's observation that it is "unlikely" that the Sheriff would be prosecuted under the federal law impliedly leaves open the chance of a prosecution. As we have said, the construction of a statute is a matter we review *de novo*. Our conclusion that federal law immunizes the Sheriff for complying with a court order to return seized property disposes of his contention to the contrary.[3]

### D. Federal–Law Treatment of Possession by a Medical Marijuana User.

¶ 15 Finally, the State contends the superior court erred by ordering the return of Okun's marijuana because Okun's possession of it would constitute a federal crime. *See* 21 U.S.C. § 844(a) (West 2013). In summary fashion, the State argues "state law is preempted when it is impossible to comply with both state law and federal law" and the return order "is in direct conflict with federal law."

¶ 16 On the facts presented here, we decline to address the State's suggestion that the Controlled Substances Act preempts and thereby invalidates the AMMA. We do not question the general proposition that when federal law actually conflicts with state law, federal law controls. *See, e.g., E. Vanguard Forex, Ltd. v. Ariz. Corp. Comm'n*, 206 Ariz. 399, 405, ¶ 18, 79 P.3d 86, 92 (App.2003).[4] But several principles restrain us from deciding in this case whether federal law preempts the AMMA.

¶ 17 In the absence of any actual or threatened prosecution of Okun under federal law, and given the immunity that federal law affords the Sheriff for complying with the return order, the question is not ripe. *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1137 (9th Cir.2000) (if no enforcement action or prosecution is threatened or imminent, the dispute is premature). By the same token, on the facts of this case, the State lacks standing to argue that federal law prohibits Okun from possessing the marijuana. Although Arizona's constitution does not contain a case or controversy requirement, a party must demonstrate a distinct and palpable injury caused by the complained-of conduct. *Karbal v. Ariz. Dep't of Revenue*, 215 Ariz. 114, 116, ¶ 7, 158 P.3d 243, 245 (App.2007). Here, in the language of *Karbal*, the Sheriff has no "personal stake" in whether the federal Controlled Substances Act might invalidate Okun's right under the AMMA to possess an allowable amount of marijuana. *See id.* The requirement of standing "is consistent with notions of judicial restraint and ensures that courts refrain from issuing advisory opinions, that cases be ripe for decision and not moot, and that issues be fully developed between true adversaries." *Bennett v. Brownlow*, 211

---

**3.** Contrary to the State's argument, the court order requiring the Sheriff to return the marijuana to Okun will not render the Sheriff subject to prosecution for transferring marijuana pursuant to A.R.S. § 13–3405(A)(4) (West 2013). *See Acevedo v. Pima County Adult Prob. Dep't*, 142 Ariz. 319, 321–22, 690 P.2d 38, 40–41 (1984) ("Those officers, employees, and agents who assist the court in the judicial process are also entitled to absolute immunity."); *Adams v. State*, 185 Ariz. 440, 444, 916 P.2d 1156, 1160 (App. 1995) ("nonjudicial personnel are entitled to im-

munity when carrying out court directive") (quotation omitted).

**4.** The State's brief asserts, "State courts, unlike the state legislatures and state executives, are bound to follow federal law." We do not understand the authority the State cites for that proposition, *Printz v. United States*, 521 U.S. 898, 907, 117 S.Ct. 2365, 138 L.Ed.2d 914 (1997), to mean that the Supremacy Clause of the United States Constitution does not also bind state legislatures and state executives.

Ariz. 193, 196, ¶ 16, 119 P.3d 460, 463 (2005); *see also County of San Diego v. San Diego NORML*, 165 Cal.App.4th 798, 81 Cal. Rptr.3d 461, 472–73 (2008) (county has no standing to raise hypothetical constitutional infirmities of a statute when statute did not cause it injury).

¶ 18 Whether Okun's possession of marijuana may subject her to federal prosecution despite her state-law right to possess it is not a controversy before this court because the federal government has not charged Okun with any crime. Nor does public policy require us to decide the abstract issue the State presents. *Cf. City of Garden Grove*, 68 Cal.Rptr.3d. at 664–65 (deciding for reasons of public policy to address preemption question, and holding federal Controlled Substances Act did not preempt California medical marijuana law).

¶ 19 Moreover, the State's brief fails to provide any meaningful discussion about federal preemption, the Supremacy Clause, legislative intent and how those complex principles might apply in this context. *See State v. Moody*, 208 Ariz. 424, 452, ¶ 101 n. 9, 94 P.3d 1119, 1147 (2004) (opening brief must present significant arguments supported by authority, otherwise the party abandons and waives the claim) (quoting *State v. Carver*, 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989)).

¶ 20 On the facts presented, our only concern is whether Arizona law requires the Sheriff to comply with the superior court's order to return to Okun the marijuana that authorities seized from her at the Border Patrol checkpoint. Pursuant to A.R.S. § 36–2811(B) and (G), the superior court correctly ordered the Sheriff to return the marijuana.

## CONCLUSION

¶ 21 For the foregoing reasons, we affirm the superior court's order.

CONCURRING: JON W. THOMPSON, Judge and KENTON D. JONES, Judge.*