NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

MICHAEL PETERS,
*Plaintiff/Appellant*,

*v.*

CITY OF PRESCOTT,
*Defendant/Appellee*.

No. 1 CA-TX 15-0004
FILED 3-29-2016

---

Appeal from the Superior Court of Maricopa County
No. TX2015-000158
The Honorable Christopher T. Whitten, Judge

**AFFIRMED**

---

COUNSEL

Michael Peters, Prescott
*Plaintiff/Appellant*

City of Prescott Legal Department, Prescott
By Jon M. Paladini, Clyde P. Halstead, Matthew P. Podracky
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Samuel A. Thumma joined.

**O R O Z C O**, Judge:

**¶1**        Michael Peters (Peters) appeals from the Arizona tax court's order dismissing his complaint against the City of Prescott (City) for lack of standing.  For the following reasons, we affirm.

**FACTS AND BACKGROUND**

**¶2**        The City's Transaction Privilege and Use Tax Code (City Code) imposes a two percent privilege tax on the gross income of golf courses.  *See* City Code § 4-1-410 (2015).  The City assessed this tax against the Golf Club at Prescott Lakes, LLC (Club) for membership dues collected by the Club.  The Club, in turn, passed the tax on to its members.  Peters is a member of the Club.

**¶3**        Peters filed a petition for administrative review challenging the application of the privilege tax to his membership dues.  *See id.* § 4-1-570.  The municipal tax hearing officer (MTHO) determined that Peters did not have standing to contest the tax because he was not a "taxpayer" as defined by the City Code.  Peters appealed the MTHO's decision to the Yavapai County Superior Court.  *See id.* § 4-1-575.

**¶4**        The Yavapai County Superior Court granted a motion by the City to assign the case to the Arizona tax court.  *See* Arizona Revised Statutes (A.R.S.) section 12-163.A (West 2016).[1]  Thereafter, the City filed a motion for judgment on the pleadings, which the tax court granted, affirming the MTHO's decision.  This timely appeal followed.  We have

---

[1]        We cite the current version of applicable statutes and codes when no revisions material to this decision have since occurred.  Although Peters is correct in pointing out that we should apply the version of the City Code in effect at the time of assessment, our review of the relevant provisions reveals no material revisions since then.

jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.A.1 and -2101.A.1.[2]

**DISCUSSION**

**¶5** Like many cities and towns in Arizona, the City imposes a tax on the privilege of doing business within its boundaries. *See* City Code § 4-1-400(a)(1). This privilege tax is not a sales tax, but rather an "excise tax on the privilege or right to engage in an occupation or business . . . ." *Ariz. Dep't of Revenue v. Mountain States Tel. & Tel. Co.*, 113 Ariz. 467, 468 (1976). The privilege tax is assessed against the gross income of the business itself; the business may pass the tax on to its customers, but is not required to do so. *See* City Code §§ 4-1-400(a)(1), -410(a)(1). *Compare Home Depot USA, Inc. v. Ariz. Dep't of Revenue*, 230 Ariz. 498, 500, ¶ 8 (App. 2012) (noting that a seller may "pass the cost of the tax on to its customers"), *with Tucson Mech. Contracting, Inc. v. Ariz. Dep't of Revenue*, 175 Ariz. 176, 180 (App. 1992) (noting taxing authorization creates "no economic compulsion to shift the tax to the purchaser"). Here, the Club passed the two percent privilege tax on to its members, including Peters.

I. Case Properly Assigned to Tax Court

**¶6** Peters argues the City Code "confers exclusive and sole jurisdiction in Yavapai County" and that the superior court "committed reversible and harmful error" by granting the City's motion to assign the case to tax court.

**¶7** This case began when Peters filed a petition for administrative review challenging the application of the privilege tax to his membership dues. Pursuant to City Code § 4-1-575(a), Peters properly sought judicial review of the MTHO's decision by filing a complaint in Yavapai County Superior Court. By statute, however, the Yavapai County Superior Court was required to assign Peters' case to the tax court. *See* A.R.S. § 12-163.A (stating when an action "involves the imposition, assessment or collection of a tax . . . the presiding judge of the superior court shall assign the action

---

[2] Because the tax court's judgment did not contain the necessary certification pursuant to Rule 54 (c) of the Arizona Rules of Civil Procedure, this court stayed the appeal to allow Peters to apply to the tax court for a signed order with the necessary certification. Thereafter, the tax court issued a signed order with Rule 54(c) certification and the appeal was reinstated.

to the tax court"). Peters' complaint challenged the City's imposition of a privilege tax. Accordingly, the tax court had jurisdiction over Peters' claims, thus, there was no error in assigning the case to that court.

II.        Peters Lacks Standing

**¶8**        In reviewing the entry of judgment on the pleadings, "we accept the factual allegations of the complaint as true" and review the tax court's conclusions of law de novo. *See Mobile Cmty. Council for Progress, Inc. v. Brock*, 211 Ariz. 196, 198, ¶ 5 (App. 2005) (citation omitted). Standing is a question of law that we review de novo. *See Karbal v. Arizona Dep't of Revenue*, 215 Ariz. 114, 116, ¶ 6 (App. 2007).

**¶9**        The City Code authorizes "a taxpayer" to contest an assessment by filing a petition for administrative review with the tax collector. *See* City Code § 4-1-570(b). The City Code defines "taxpayer" as "any person liable for any tax under" the chapter of the City Code imposing privilege and excise taxes. *See id.* § 4-1-100. The City argues that Peters does not have standing to challenge the privilege tax because the Club is the taxpayer, not Peters. We agree.

**¶10**        A litigant "seeking relief in the Arizona courts must first establish standing to sue." *Bennett v. Napolitano*, 206 Ariz. 520, 525, ¶ 19, (2003). "If there is no standing, courts generally decline jurisdiction." *Karbal*, 215 Ariz. at 116, ¶ 7 (citation omitted).

**¶11**        In Arizona, a customer lacks standing to challenge a tax passed on to him by a business. In *Karbal*, a customer challenged the validity of a hotel tax and a car rental surcharge that were assessed against the businesses and passed on to the customers.[3] *See id.* at 115, ¶¶ 2-4. This court affirmed the dismissal of the customer's claims, concluding that the customer was not the "actual taxpayer" and, therefore, lacked standing. *Id.* at 117, ¶ 11.

> Because Arizona imposes taxes on the business activity of
> renting cars and hotel rooms, Karbal is not liable for the

---

[3]        Peters attempts to distinguish the *Karbal* case by arguing that the case involved a "surcharge" rather than a tax. In *Karbal*, however, this court determined that the car rental surcharge (A.R.S. § 5-839) and the hotel tax (A.R.S. § 5-840) were both "akin to transaction privilege taxes." *Karbal*, 215 Ariz. at 116, ¶ 9.

payment of these taxes to the State. The taxpayers are the hotels and rental car businesses filing the returns and remitting the taxes. "The legal incidence of the transaction privilege tax is on the seller," even though the cost may be passed on to customers like Karbal. *See J.C. Penney Co. v. Ariz. Dep't of Revenue*, 125 Ariz. 469, 472 (App. 1980).

*Karbal,* 215 Ariz. at 116-17, ¶ 11. *Accord Ariz. State Tax Comm'n v. Garrett Corp.*, 79 Ariz. 389, 395 (1955) ("Regardless of where the burden rests, the decisive test under the class of taxing Acts now under consideration is where does the legal incidence of the tax fall."); *Home Depot,* 230 Ariz. at 500, ¶ 8 (noting that "[t]he legal incidence of the tax is on the seller, though the seller may pass the cost of the tax on to its customers").

**¶12** The legal incidence of the City's two percent privilege tax falls on the Club, not Peters. Peters is not the taxpayer as defined by the City Code and, therefore, he lacks standing to challenge the tax. Because Peters lacks standing under the City Code and *Karbal*, we decline to address the other issues raised on appeal. *See Freeport McMoran Corp. v. Langley Eden Farms, LLC*, 228 Ariz. 474, 478, ¶ 15 (App. 2011) (declining to decide unnecessary issues or issue advisory opinions).

**CONCLUSION**

**¶13** The decision of the tax court concluding that Peters lacks standing to challenge the assessment of the tax is affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama