Filed 8/16/18

## CERTIFIED FOR PUBLICATION

## IN THE SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

## APPELLATE DIVISION

| | |
|---|---|
| ROBERT T. SMITH,<br><br>            Petitioner,<br><br>   vs.<br><br>THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>            Respondent;<br><br>SAN FRANCISCO POLICE DEPARTMENT,<br><br>            Real Party in Interest. | Writ No. APP-18-008417<br><br>Case No. 18000519<br><br><br>**ORDER GRANTING**<br>**WRIT OF MANDATE** |

ORIGINAL PROCEEDINGS in petition for writ mandate to vacate order denying non-statutory motion to return property entered by Superior Court, County of San Francisco, Robert M. Foley, Judge. (Retired Judge of the Santa Clara Sup. Ct. assigned by the Chief Justice pursuant to art. IV, § 6 of the Cal. Const.) Petition GRANTED.

Lara Bazelon for Petitioner.

No appearance for Respondent.

Ronnie M. Wagner, San Francisco Police Department Legal Division, for Real Party in Interest.

DECISION BY THE COURT

COLFAX, Acting P. J., Appellate Division, BEGERT, J., Appellate Division, HITE, J., Appellate Division

On April 26, 2018, Robert T. Smith filed a petition for writ of mandate, seeking review of the lower court's denial of his non-statutory motion to return property, to wit 21.8 grams of recreational marijuana. After considering the evidence, arguments and applicable law, we hereby GRANT the petition for writ of mandate. We hereby order the lower court to vacate its previous order denying the motion for return of property, and enter a new order consistent with this decision.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 9, 2018, SFPD Officer MacMahon responded to 923 Market Street to investigate a report of a man making threats with a possible gun. Officer MacMahon ultimately arrested petitioner. Officer MacMahon performed an inventory search of petitioner's backpack, seizing 21.8 grams of marijuana and $574.21 in cash. On January 11, 2018, petitioner was charged by misdemeanor complaint with two counts of criminal threats (Pen. Code, § 422) and one count of disturbing the peace (Pen. Code, § 415, subd. (3)). These charges were dismissed pursuant to Penal Code section 1385 on March 7, 2018.

On April 10, 2018, the lower court heard and denied petitioner's motion to return the marijuana. Petitioner timely filed the instant petition for writ, seeking the return of his 21.8 grams of recreational marijuana. On May 16, 2018, we ordered the San Francisco Police Department to show cause why it should not be ordered to return petitioner's property under *City of Garden Grove v. Superior Court* (2007) 157 Cal.App.4th 355 and any other applicable law.

## DISCUSSION

The proper avenue of redress for denial of a defendant's nonstatutory motion to return seized property is through a petition for writ of mandate. (*People v. Hopkins* (2009) 171 Cal.App.4th 305, 308.) "When reviewing a trial court's judgment on a petition for ordinary mandate, we apply the substantial evidence test to the trial court's findings of fact and exercise our independent judgment on legal issues …." (*Cape Concord Homeowners Association v. City of Escondido* (2017) 7 Cal.App.5th 180, 189.)

1

The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law." (U.S. Const., 14th Amend., § 1; see also Cal. Const., art. I, § 15.) "Continued official retention of legal property with no further criminal action pending violates the owner's due process rights." (*Garden Grove, supra,* 157 Cal.App.4th at p. 387.)

On November 8, 2016, California voters approved Proposition 64, known as the "Control, Regulate and Tax Adult Use of Marijuana Act," which drastically reduced criminal punishments for certain marijuana offenses. Most notably, Proposition 64 added Health and Safety Code section 11362.1, which legalized the possession of not more than 28.5 grams of cannabis for persons 21 years of age or older.

"All seizures of controlled substances … which are in possession of any city, county, or state official as found property, or as the result of a case in which no trial was had or which has been disposed of by way of dismissal or otherwise than by way of conviction, shall be destroyed by order of the court, unless the court finds that the controlled substances, instruments, or paraphernalia were lawfully possessed by the defendant." (Health & Saf. Code, § 11473.5.) A controlled substance is "lawfully possessed" under this section if it lawfully possessed under California law. (*Garden Grove, supra,* 157 Cal.App.4th at p. 380.) The *Garden Grove* court found that principles of due process and fundamental fairness dictate the return of lawfully possessed marijuana. (*Id*. at p. 388-89.)

However, under the Controlled Substances Act (21 U.S.C. § 801 et. seq. [CSA]), "simple possession" of marijuana is a misdemeanor. (21 U.S.C. § 844(a).) Further, it is unlawful for any person to knowingly and intentionally distribute marijuana. (21 U.S.C. § 841(a)(1).) The CSA defines "distribute" to mean "to deliver a controlled substance or a listed chemical." (21 U.S.C. § 802(11).) The CSA further defines "deliver" to mean "the actual, constructive, or attempted transfer of a controlled substance." (21 U.S.C. § 802(8).)

2

# I. CALIFORNIA LAW AND THE FEDERAL CSA DO NOT "POSITIVELY CONFLICT."

The Supremacy Clause of the United States Constitution grants Congress the power to preempt state law. (U.S. Const. art. 6, cl. 2.) State law that conflicts with federal law is "without effect." (*In re Tobacco Cases II* (2007) 41 Cal.4th 1257, 1265.) Consideration of issues arising under the Supremacy Clause "starts with the assumption that the historic police powers of the States [are] not to be superseded by … Federal Act unless that [is] the clear and manifest purpose of Congress." (*Jevne v. Sup. Ct.* (2005) 35 Cal.4th 935, 949.) Federal law preempts state law when: (1) Congress explicitly proclaims that its enactment preempts state law; (2) the enactment regulates conduct in a field that Congress intended the federal government to occupy exclusively; or (3) the state law conflicts with federal law, making it impossible for a private party to comply with both state and federal requirements. (*Id.* at p. 949-50.)

"No provision of [the CSA] shall be construed as indicating an intent on the part of Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision ... and that State law so that the two cannot consistently stand together." (21 U.S.C. § 903.) Here, the CSA explicitly states that its provisions do not preempt state law and are not intended to exclusively occupy any field to the exclusion of state law. Accordingly, the CSA would preempt state law only to the extent of an actual conflict, making it impossible for a private party to comply with both state and federal requirements.

## a. The CSA's "Distribution" Provisions Do Not Apply to Officers Acting Pursuant to Their Professional Duties.

California Law requires law enforcement officers to return "lawfully possessed" marijuana to its owner. The CSA, however, prohibits the distribution of marijuana without regard to whether state law permits its recreational use. The *Garden Grove* court confronted the scenario that involved whether a law enforcement officer who returns medical marijuana under California law would also be

3

"distributing" marijuana under the CSA. The *Garden Grove* court found that "21 U.S.C. § 841(a)(1) … does not apply to persons who regularly handle controlled substances in the course of their professional duties." (*Garden Grove, supra,* 157 Cal.App.4th at p. 390; see *United States v. Feingold* (9th Cir.2006) 454 F.3d 1001, 1008 [§ 841(a)(1) could apply to doctor only if, in distributing a controlled substance, he intended "to act as a pusher rather than a medical professional"].) The San Francisco Police Department would be returning the instant marijuana pursuant to a court order, and not acting as drug "pushers" the CSA was designed to combat. Accordingly, there is no "positive conflict" between California Law and the CSA such that the two could not consistently stand together.

**b.** **The CSA's Law Enforcement Immunity Provision Further Eliminates Any Potential Positive Conflict.**

Under the CSA, "no civil or criminal liability shall be imposed by virtue of this subchapter … upon any duly authorized officer of any State … who shall be lawfully engaged in the enforcement of any law or municipal ordinance relating to controlled substances." (21 U.S.C. § 885(d).) Section 885(d) is intended to protect accepted law enforcement tactics "in which officers handle and transfer drugs." (*U.S. v. Cortes-Caban* (1st Cir. 2012) 691 F.3d 1, 20.)

The Court concludes that section 885(d)'s clause, which states, "any law or municipal ordinance relating to controlled substances" necessarily includes California's statutory scheme for the return of marijuana "lawfully possessed" under California law. The CSA's law enforcement immunity provision further eliminates any positive conflict between California's return law and the CSA's prohibition on distribution of marijuana. Accordingly, the San Francisco Police Department is immune from federal prosecution under the CSA when complying with California's return provisions. (See *People v. Crouse* (Colo. 2017) 388 P.3d 39, 45 (dis. opn. of Gabriel, J.); see also *State v. Okun* (Ariz. Ct. App. 2013) 231 Ariz. 462, 466 [concluding that 21 U.S.C. § 885(d) immunizes law enforcement officers from federal prosecution for complying with a court order to return the

4

defendant's marijuana]; see also *Garden Grove, supra,* 157 Cal.App.4th at p. 390 [same]; see also *State v. Kama* (Or. Ct. App. 2002) 178 Or.App. 561, 564 [same].)

## II. PETITIONER IS ENTITLED TO RETURN OF MARIJUANA UNDER CALIFORNIA LAW.

Petitioner seeks the return of his 21.8 grams of recreational marijuana. Petitioner "lawfully possessed" this marijuana under California law, as he was over 21 years old and the amount was less than 28.6 grams. As explained above, the San Francisco Police Department is immune from federal prosecution under the CSA when complying with California's return provisions. Accordingly, we grant the petition for writ of mandate.

### DISPOSITION

The petition for writ of mandate is GRANTED. The lower court is hereby ordered to vacate its previous order denying the motion for return of property, and enter a new order consistent with this decision.

IT IS SO ORDERED.

DATE: August 16, 2018

Linda H. Colfax, Acting Presiding Judge

Christopher C. Hite, Associate Judge

Michael I. Begert, Associate Judge

5